ERIC EADES, JR. V. EDWARD J. DRAKE, COUNTY CHAIRMAN ET AL.

No. A-7702. Decided February 17, 1960.
(332 S.W. 2d Series 553)

*Brundidge, Fountain, Elliott & Bateman* and *L. E. Scott* and *Warren Whitham,* of Dallas, for relator.

*Ross K. Prescott,* for Chairman and member of Dallas County Democratic Executive Committee, *Earl Luna,* for James F. McCarthy, *Claude Williams,* pro se, all of Dallas, respondents.

MR. JUSTICE NORVELL delivered the opinion of the Court.

Eric Eades, Jr., a practicing attorney of Dallas County, Texas, possessing the constitutional qualifications required of a district judge, has petitioned this Court for a writ of mandamus ordering the Dallas County Democratic Executive Committee and its Chairman, Edward J. Drake, to place his name upon the ballot for the Democratic Party primaries as a candidate for the nomination for the office of District Judge of the 160th Judicial District of Dallas County, Texas. Our jurisdiction is based upon Article 1735-a, Vernon's Ann. Texas Stats, and Article 13.14, Vernon's Ann. Texas Election Code.

Mr. Eades contends that as the Act which created the 160th District Court provided that the term of office of the judge of said court should expire on December 31, 1960, a judge should be elected at the coming November general election. If this position be tenable, then it would follow that a Democratic nominee for such judgeship should be chosen in accordance with the statutes regulating primary elections.

The Dallas County Democratic Executive Committee has not accepted Eades' application for a place upon the primary ballot and the Honorable Claude Williams, judge of the 160th District

Court and a party to this action,[1] has filed an answer in which he says that:

"This Respondent respectfully submits that the Act of the Legislature creating the 160th Judicial District was invalid insofar as it attempted to limit the term of the first Judge elected to the Court to a two (2) year term ending December 31, 1960. It follows that a nomination of a candidate by the Democratic Party to fill such office would be a nullity and that Relator is not entitled to the relief sought."

An examination of the applicable statutory and constitutional provisions is called for.

The 160th Judicial District was created by an Act of the 55th Legislature and came into existence on the effective day of the Act, that is, ninety days after May 23, 1957, the day upon which the Legislature adjourned. Acts 1955, 55th Leg., p. 1487, ch. 510, Article 199-160, Vernon's Ann. Texas Stats. Sections 1 and 2 of the Act read as follows:

"Section 1. There is created hereby in and for Dallas County, Texas, one (1) additional district court, the limits of which district shall be coextensive with the limits of Dallas County; said court shall be known as the 160th District Court, Judicial District of Texas.

"Sec. 2. The 160th District Court shall have and exercise the powers conferred by the Constitution and Laws of the State of Texas on the judges of the District Courts of Dallas County, Texas. The jurisdiction shall be concurrent with that of the existing district courts of Dallas County, Texas."

Section 4 of the Act relates to the appointment, election and terms of office of the judge of the 160th District Court and provides that:

"Sec. 4. The Governor shall appoint a suitable person as Judge of said court herein created, who shall hold office until the next General Election and until his successor has been duly elected and qualified. *At the first General Election after the*

---

1.—James F. McCarthy, a practicing attorney who also possesses the constitutional qualifications for district judge, is likewise made a party to this action and has answered. McCarthy also has filed an application for a place on the primary ballot, but from his brief, it appears that he has grave doubts as to the constitutional validity of the two-year elective term provided for in the Act creating the 160th District Court.

*creation of the one (1) district court numbered herein, the Judge of the said court shall be elected for a term of two (2) years* and at the next General Election after the expiration of the first two (2) year term of said judge of the numbered court herein, the Judge of the numbered court herein shall thereafter be elected for a four (4) year term. Such person so appointed and elected shall have the qualifications provided by the Constitution and the Laws of this State for District Judges. The Judge of the court created by this Act shall draw the same compensation that is provided by the Laws of the State of Texas for District Judges of Dallas County." (Italics supplied.)

Since the 160th District Court as created by the Legislature is a permanent constitutional district court, the subject matter of Section 4 above set out is fully covered by constitutional enactment. The section is in a sense redundant. The Act would be fully effective and operative without it.

1 Under the Texas Constitution, the office of district judge is an elective position, with the exception that the Governor may fill vacancies by appointment until the next general election. As a usual thing when a district court is created there is a vacancy in the office of judge to be filled by gubernatorial appointment. However, when and after a general election takes place, the term of a district judge is fixed at four years by the constitution.

Article 5, Sec. 7 of the Constitution prescribes the qualifications and elective terms of district judges in the following definite language:

"The State shall be divided into as many judicial districts as may now or hereafter be provided by law, which may be increased or diminished by law. For each district there shall be elected by the qualified voters thereof, at a General Election, a Judge, who shall be a citizen of the United States and of this State, who shall be licensed to practice law in this State and shall have been a practicing lawyer or a Judge of a Court in this State, or both combined, for four (4) years next preceding his election, who shall have resided in the district in which he was elected for two (2) years next preceding his election, who shall reside in his district during his term of office, who shall hold his office for the period of four (4) years, and shall receive for his services an annual salary to be fixed by the Legislature. * * *[2].

2.—Article 5, Section 30 of the Constitution adopted in 1954 would also seem ap-

Article 5, Sec. 28 provides that:

"Vacancies in the office of Judges of the * * * District Courts shall be filled by the Governor until the next succeeding general election; * * *"

When the Act creating the 160th District Court became effective, there existed a vacancy in the office of judge of said court until such position was filled by gubernatorial action. This power of appointment is vested in the executive department by the plain terms of our Constitution. State ex rel McCall v. Manry, 118 Texas 449, 16 S.W. 2d 809.

2   Article 16, Sec. 17 provides that:

"All officers within this State shall continue to perform the duties of their offices until their successors shall be duly qualified."

By paraphrasing the constitutional wording but retaining its meaning in every particular, we can say that as applied to the 160th District Court, the Constitution of Texas provides that:

As the Legislature created a constitutional district court, the Governor shall appoint a qualified person to the position of judge of such court who shall hold such office until the next succeeding general election and until his successor shall be duly qualified; that at the next general election there shall be elected by the qualified voters of the district a judge who shall be a citizen of the United States and of this State who shall hold his office for the period of four (4) years, and shall receive for his services an annual salary to be fixed by the Legislature.

This holding covers the subject matter of Section 4 of Article 199-160 in the words of the Constitution. Insofar as the provisions of the statute are at variance with the terms of the constitution, such provisions are ineffective and void. The constitution provides for elective four-year terms for judges of permanent constitutional district courts and there can be no elective two-year terms for judges of said courts by virtue of

applicable to the 160th District Court as a court of county-wide jurisdiction. This section provides:

"The Judges of all Courts of county-wide jurisdiction heretofore or hereafter created by the Legislature of this State, and all Criminal District Attorneys now or hereafter authorized by the laws of this State, shall be elected for a term of four years, and shall serve until their successors have qualified."

legislative enactment. We are not here concerned with temporary courts or with elections for unexpired terms.

In our opinion, the proposition asserted by Judge Williams' answer is correct. Under the constitution, he was elected for a four-year term in 1958. Accordingly, there cannot be a legal election for the position of judge of the 160th District Court in the General Election of 1960. State ex rel McCall v. Manry, 118 Texas 449, 16 S.W. 2d 809; Manry v. McCall, Texas Civ. App., 22 S.W. 2d 348.[3]

This view seems to be in accord with the decisions of the other American jurisdictions which have come to our attention. In People ex rel Westbrook v. Rosborough, 14 Cal. 180, the Supreme Court of California held that:

"The Act of the Legislature organizing the County of Siskiyou, therefore, was void in that part of it which limited the period to two years' tenure; but this does not hurt that part which was constitutional, and the election held under that Act vested the title to the office in the incumbent for four years."
—The constitutional term.

This case was made the basis of the following text statement in Throop, Public Officers, Sec. 311, viz:

"Where the Constitution fixed the term of an office at four years, an act of the legislature, providing for an election to fill the office, and limiting the term of the office to be elected to two years, is void as to the limitation, but constitutional and valid as to the residue; and the person so elected holds for four years."

This statement has been expressly approved in at least two cases by the Supreme Court of Alabama. Clark v. State ex rel Graves, 177 Ala. 188, 59 So. 259; Springer v. State ex rel Williams, 229 Ala. 339, 157 So. 219.

Similarly, in Russell v. State ex rel Crowder, 171 Ind. 623, 87 N.E. 13, 16 the Supreme Court of Indiana said:

---

3.—The Attorney General has also construed the Constitution as prohibiting an elective term other than one for four years. In Opinion V-1055, rendered in 1950, it was said:

"The Legislature has the exclusive authority to create district courts in this State and to determine the number of such courts authorized to exist * * * . However, the term of the District Judges as fixed by the Constitution cannot be shortened or extended by the Legislature."

"It is conceded that the Legislature can neither abridge nor lengthen the term of a constitutional office. Griebel v. State, 111 Ind. 369, 12 N.E. 700; Douglas v. State, 31 Ind. 429; Howard v. State, 10 Ind. 99."

See also, Meacham on Public Officers, Sec. 387; 67 C.J.S. 198, officers, Sec. 44b; 11 Am. Jur. 862, Constitutional Law, Sec. 167.

3 It is no answer to the proposition stated by these authorities to say that the electorate did not intend to elect Judge Williams to a four-year term. This would involve an assertion that in exercising his right of suffrage, the voter had the statute in mind which provided for a two-year term. It could with equal logic be argued that the voter cast his ballot fully cognizant of the four-year term provision of the constitution. There is no presumption that the citizen knows the contents of the Revised Statutes but is ignorant of constitutional provisions.

4 The Act creating the 160th District Court contains a severance clause, that is, a provision that if any portion of the Act be declared unconstitutional, such invalidity shall not affect the remaining provisions of the Act. In view of this clause the rule of construction employed by this Court in Jordan v. Crudgington, 149 Texas 237, 231 S.W. 2d 641, will be applied here. We disregard the invalid provisions of the statute providing for an elective two-year term and read into the Act the constitutional provision setting a four-year term of office for elected district judges. 231 S.W. 2d 641, l.c. 647.

The petition for writ of mandamus is denied.

Opinion delivered February 17, 1960.

MR. JUSTICE SMITH, joined by MR. JUSTICE HAMILTON, dissenting.

The 160th District Court in and for Dallas County, Texas, was created in 1957 by an Act of the 55th Legislature (p. 1487, ch. 510, Article 199-160, Vernon's Ann. Texas Stats.) which became effective ninety days after May 23, 1957, the date upon which the Legislature adjourned.

Section 4 of the Act provided that:

"Sec. 4. The Governor shall appoint a suitable person as

Judge of said court herein created, who shall hold office until the next General Election and until his successor has been duly elected and qualified. *At the first General Election after the creation of the one (1) district court numbered herein, the Judge of the said court shall be elected for a term of two (2) years* and at the next General Election after the expiration of the first two (2) year term of said judge of the numbered court herein, the Judge of the numbered court herein shall thereafter be elected for a four (4) year term. Such person so appointed and elected shall have the qualifications provided by the Constitution and the Laws of this State for District Judges. The Judge of the court created by this Act shall draw the same compensation that is provided by the Laws of the State of Texas for District Judges of Dallas County." (Italics supplied.)

The Honorable Claude Williams was appointed judge of the 160th District Court by the Governor and elected to that position in the 1958 general election. Despite the wording of the statute, Judge Williams takes the position that he was elected to a four-year term which would not expire until December 31, 1962. He relies upon the provisions of Article 5, Sec. 7 of the Texas Constitution which prescribe the qualifications and elective terms of district judges in the following language:

"* * * For each district there shall be elected by the qualified voters thereof, at a General Election, a Judge, who shall be a citizen of the United States and of this State, * * * who shall hold his office for the period of four (4) years, and shall receive for his services an annual salary to be fixed by the Legislature * * *."

Mr. Eric Eades, Jr., who is qualified to hold the office of district judge under the constitution, has made application to the Dallas County Democratic Executive Committee and Edward J. Drake, its chairman, to have his name placed upon the ballot of the 1960 Democratic Party primaries as a candidate for the Democratic nominating for judge of the 160th District Court. The Chairman and Committee have returned Eades' application and refused to accept it. Acting under the provisions of Article 1735-a, Vernon's Ann. Texas Stats, and Article 13.14 of Vernon's Ann. Texas Election Code, Eades has petitioned this Court for an original writ of mandamus ordering the Democratic Chairman and Executive Committee to place his name upon the primary ballot. In addition to the Chairman and the Committee, Eades has named as parties to this action the Honorable Claude Williams, Judge of the 160th District Court,

and Mr. James F. McCarthy, a citizen of Dallas County, who has also made application for a place upon the primary ballot as a candidate for nomination to the office of Judge of the 160th District Court.

We need not detail the various positions of all the parties with reference to this litigation. The controlling issues are well pointed up by the conflicting propositons asserted by Judge Williams on one hand and Mr. Eades on the other.

Judge Williams' position has been indicated but will be repeated in the succinct wording chosen by him in his answer:

"This Respondent respectfully submits that the act of the Legislature creating the 160th Judicial District was invalid insofar as it attempted to limit the term of the first Judge elected to the Court to a two (2) year term ending December 31, 1960. It follows that a nomination of a candidate by the Democratic Party to fill such office would be a nullity and that Relator is not entitled to the relief sought."

Mr. Eades in his brief says:

"Suppose the Legislature in 1957 had created the 160th Court and expressly provided the court (and thereby the judge's term of office) would not begin until January 1, 1961. Would this have violated the Constitution? We submit that it would not. And, we further submit this is what the Legislature actually did in this case."

Implicit in this contention is the proposition that the validity of the two-year elective term provided for by Article 199-160, Sec. 4, Vernon's Ann. Texas Stats, is wholly immaterial to the solution of the problem before us. If such provision be valid, then obviously a four-year term of office begins on January 1, 1961. On the other hand, if the two-year elective term of office be invalid and dropped from the statute, then a four-year term would nevertheless begin on January 1, 1961. The issue in this case does not relate to matters which have taken place or will take place before December 31, 1960, but solely to something which will occur on January 1, 1961. The statute creating the court became effective in 1957 and therefore expressly provides that as to terms beginning on and after January 1, 1961, judges of the 160th District Court should be elected for four years. Before the mandamus may be denied it is necessary to hold that this provision is invalid. This cannot be done because, regard-

less of any invalidity of provision as to selecting judges prior to the term commencing January 1, 1961, the provisions relating to terms beginning on or subsequent to that date would be valid because in any event "the Legislature would have the right to create a court, but provide it would not become operative until some time in the future."

I am in agreement with relator's position as above stated. The most that can be said upon the constitutional point is that the two-year elective term provision of Article 199-160 may be invalid. If so, the 1958 election for a two-year term would have been ineffective, in which event the appointed judge would hold over under Article 16, Sec. 17 of the Constitution, but these matters would not affect the validity of the four-year term and actually are not before us.

We should hold that a four-year term of office for judge of the 160th District Court begins on January 1, 1961. Accordingly, a judge for said court should be elected at the November 1960 General Election. The Dallas County Democratic Executive Committee and its Chairman should accept applications of candidates for the Democratic nomination for Judge of the 160th District Court. Mandamus should issue as prayed for. The county committee, in view of this litigation and other matters which have led to uncertainty concerning the selection of a nominee for Judge of the 160th District Court should by appropriate resolution accept the application of Mr. James F. McCarthy and all others who desire to file within a reasonable time prescribed by the committee.

Permit me to emphasize that the contention of Judge Williams that he was elected for four years does not alter the fact that the people, speaking through the Legislature, clearly intended that he should be elected for a term of only two years. It was the express intention of the Legislature to require an aspirant for the office of District Judge of the 160th District Court of Dallas County, Texas, to submit his candidacy to the electorate in 1960. Under the majority view, the Governor, and not the people, will make the appointment of Judge Williams' successor.

Opinion delivered February 17, 1960.

MR. JUSTICE CULVER, dissenting.

In my opinion the Act of the 55th Legislature in creating

the 160th Judicial District Court of Dallas County is not rendered unconstitutional by the provisions of Article 5, Sec. 7, which prescribe the qualifications of district judges and fix the term of that office at four years.

Article 5, Sec. 1, provides as follows:

"The Legislature may establish such other courts as it may deem necessary and prescribe the jurisdiction and organization thereof, and may conform the jurisdiction of the district and other inferior courts thereto."

This amendment, adopted in 1891, was for the purpose of enabling the Legislature to fit the judicial system to changing conditions so that "the needs of the state which might develop in its future growth could be provided for by the legislature from time to time." Harris County v. Stewart, 91 Texas 133, 41 S.W. 650.

Under this provision the Legislature may establish special district courts for a limited term and these courts have all of the powers that are constitutionally possessed by permanent district courts.

The 33rd Legislature created a special district court for Grayson County. The constitutionality of that court was attacked on much the same grounds as here argued, namely, that the Act sought to establish a district court where the term of the district judge would be less than four years in violation of Sec. 7, Article 5 of the Constitution.

In rejecting that argument, this Court said in Carter v. Missouri, Kansas & Texas Ry. Co. of Texas, 106 Texas 137, 157 S.W. 1169:

"The manifest purpose of the people in adopting that amendment [Art. 5, Sec. 1] was to enable the Legislature to meet such conditions as are present in this case, and it is the duty of the courts to act in harmony with the spirit of that amendment, and to give to it a liberal construction. It would be difficult to express more definitely that authority conferred in that clause of the Constitution—to 'establish such other courts as it may deem necessary'—which places in the discretion of the Legislature the character and number of courts that may be created as well as the manner in which the officers shall be chosen. The territory over which the jurisdiction of such court may be

exercised and the subjects upon which its authority may be exerted are at the discretion of the Legislature." See also Bray v. State, 101 Texas Cr. Rep. 346, 276 S.W. 224.

The majority opinion says: "We are not here concerned with temporary courts or with elections for unexpired terms." That may be true from a literal reading of the legislative act because no where does it purport expressly to set up the 160th District Court as a special court. But all legislative acts are presumptively constitutional. The Constitution is restrictive rather than donative in its effect upon legislative power. To declare an act unconstitutional the restriction must be apparent.

It may be said with assurance that the Legislature could have accomplished exactly the same result by constituting this Court as a special court and then later providing for its permanent status at the end of its specially created term. I see no reason therefore why this end result could not be accomplished in one act at the same session of the Legislature and at one and the same time. The emergency clause of this Act recites the crowded conditions of the dockets in the district courts of Dallas County and, for evidently good and valid reasons, the Legislature thought it desirable that the regular 4-year term begin in 1960.

From a reasonable interpretation of the Constitution I think this method of court organization is not prohibited. I would grant the mandamus.

Opinion delivered Feb. 17, 1960.