

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

December 19, 1963

Honorable Joe Resweber
County Attorney
Harris County
Houston, Texas

Opinion No. C-198

Re: Method of selecting
party nominees for the
office of Judge of the
165th District Court
for the 1964 general
election.

Dear Sir:

You have requested an opinion on how party
nominations for the office of Judge of the 165th District
Court should be made for the general election in 1964.
More specifically, you wish to know whether the nomination
by a party holding primary elections should be made in the
primaries, and if not, how the nomination may be made. The
question arises because of the fact that the court will not
come into existence until June 1, 1964, after the first
primary has already been held on the first Saturday in May.

The 165th District Court is created by Chapter 507,
Acts of the 58th Legislature, 1963 (Art. 199(164,165), V.C.S.).
This act provides for the creation of seven new district
courts. Three of the courts are created effective September 1,
1963; one is effective October 1, 1963; one is effective
February 1, 1964; and two (the 165th for Harris County and
the 167th for Travis County) are effective June 1, 1964.
The provision creating the 165th Court reads as follows:

"Sec. 3. Harris County.

"(A) There are hereby created in and for
Harris County, Texas, two (2) additional
District Courts, the limits each of which
shall be coextensive with the limits of
Harris County, Texas. Said Courts shall be
known, respectively, as the 164th and 165th
District Courts; the 164th District Court
shall be effective September 1, 1963, and
the 165th District Court shall be effective
June 1, 1964."

Section 6 of Chapter 507 provides:

"The Governor shall appoint a suitable person as Judge, respectively, of each of said District Courts herein created, each of whom shall hold office until the next General Election and until his successor has been duly elected and qualified. At the first General Election after the creation of said District Courts provided for herein the Judge of each of said Courts shall be elected for a term of four (4) years. . . ."

Section 8 of Chapter 507 contains an emergency clause which recites that "this Act shall take effect and be in force from and after September 1, 1963." However, the bill was not passed by the two-thirds record vote in each House which is necessary to put the emergency clause into effect.

For parties which cast more than 200,000 votes for Governor in the preceding general election, the normal rule is that nominations for offices to be filled at the general election must be made by primary election, upon applications of candidates filed in accordance with Article 13.12 of the Texas Election Code. V.A.T.S. Election Code, Arts. 6.01 and 13.02. This is also true for parties under 200,000 which choose to hold primaries. V.A.T.S. Election Code, Art. 13.45. Article 13.12a (added by Acts 58th Leg., R.S. 1963, ch. 424, sec. 88) provides methods for making nominations for unexpired terms where the vacancy necessitating the election arises too late for selecting a nominee by the ordinary primary procedures. In other situations where the need for the nomination and election arises too late for nomination by ordinary procedures, the party may nominate by any method which is sanctioned by party usage and is not contrary to law. Gilmore v. Waples, 108 Tex. 167, 188 S.W. 1037 (1916); Kilday v. Germany, 139 Tex. 380, 163 S.W.2d 184 (1942); Williams v. Huntress, 153 Tex. 443, 272 S.W.2d 87 (1954).

We are of the opinion that any party which is holding primary elections in 1964 must nominate its candidate for the office of Judge of the 165th District Court by primary election, under the general rules applicable to nominations in the primaries. Although the court will not come into existence until June 1, 1964, the act creating the court became a law, for the purpose of giving notice of its contents,

on August 23, 1963, 90 days after adjournment of the session at which it was passed. Popham v. Patterson, 121 Tex. 615, 51 S.W.2d 680 (1932); Anderson v. Penix, 138 Tex. 596, 161 S.W.2d 455 (1942).

In the Popham case, the second section of an act of the Legislature, approved March 20, 1930, which increased the term of county school superintendents from two years to four years, provided that "This act shall take effect January 1, 1931." Section 3 contained an emergency clause providing for immediate effect, but the bill was not passed by the vote required to put it into effect as an emergency measure. The question before the court was whether county superintendents elected at the general election in 1930 received two-year terms or four-year terms. The court held that they received four-year terms, saying:

"Appellee contends that the act of 1930 cannot be given effect to extend the terms of county superintendents elected at the November, 1930, election to take office on January 1, 1931, from two to four years, because to do so would be to give such law a retroactive effect and apply its terms before it became a law. We do not agree with this contention.

"In construing statutes it is the duty of the court to ascertain the legislative intent, and, when such intent is once arrived at, it should be given effect; in fact, such intent is the law. In determining the legislative intent, the court should not look alone to any one phrase, clause, or sentence of the act, but to the entire act; and this includes the caption, the body of the act, and the emergency clause. In this connection we hold that, even when the emergency clause cannot be given effect as such, still its provisions may be looked to if they aid the court in ascertaining the legislative intent.

"When we apply the above rules to the 1930 act, supra, it becomes evident that the clause therein, 'This Act shall take effect January 1, 1931,' does not mean that the act did not become a law until January 1, 1931, but merely means that it did not have effect to lengthen terms of office until

such date. In other words, if the act
had not contained the clause just quoted
its effect would have been to lengthen
the terms of those already in office
from two to four years, and would have
done away with the election of elective
county superintendents at the November,
1930, election.

"We think that the above construction
of the 1930 act is rendered certain by the
terms of its emergency clause, which pro-
vides that it shall take effect from and
after its passage. It is true that the
act did not pass with the recorded vote
required to put it into immediate effect,
but, had the Legislature intended that
the act should not become a law until
January 1, 1931, there would have been
no purpose in having an emergency clause
at all. Had the act passed by the recorded
vote required to put it into immediate
effect, all persons interested would have
had immediate notice that county super-
intendents elected in November, 1930, to
take office January 1, 1931, would hold
a four-year term. As the act did not
get the required recorded vote to put
it into immediate effect, this notice
did not become operative until the act
became a law, which was 90 days after the
adjournment of the Legislature or about
June 20, 1930.

"Appellee contends that the 1930 act
could not be effective as notice until it
became a law, citing Missouri, K. & T. Ry.
Co. v. State, 100 Tex. 420, 100 S.W. 766.
We agree with this contention. No act of
the Legislature is operative as notice
until it becomes a law, but it is so
operative as soon as it does become a law.
Since this act became a law, about June 20,
1930, it operated as notice from that date
forward. This holding is in entire harmony
with the holding in Missouri, K. & T. Ry.
Co. v. State, supra."

In Anderson v. Penix, supra, an act approved on

July 23, 1941, provided for reorganization of the 30th Judicial District, then composed of Wichita, Archer, and Young Counties, by transferring Archer and Young Counties to other districts, leaving the 30th District to consist of Wichita County only. Section 6 of the act provided that "This Act shall take effect and be in operation on and after January 1, 1943." Section 8 was an emergency clause providing for immediate effect, but the act was not passed with a two-thirds record vote. The question before the court was whether the voters of Young and Archer Counties should participate in the nomination and election of the district attorney for the 30th district at the 1942 primary and general elections. The court held that the office should be filled by the voters of Wichita County only, saying:

> " . . . The Act became a law ninety days after the adjournment of the Legislature which enacted it. Popham v. Patterson, supra. At that time it became effective, except as to certain matters which were postponed until a later date. The law gives notice as soon as it becomes a law. Popham v. Patterson, supra. When the provision in regard to the effective date is considered with the balance of the Act, it is evident that the Legislature only intended thereby to postpone operation of the courts affected until January 1, 1943. The Act also demonstrates an intention to permit all elected officers to serve out their terms of office. The act did not intend that offices now occupied by officers whose terms of office expire on January 1, 1943, shall be filled for terms beginning on that date by the voters of the counties which will not be in the district which such new officers will serve. The effect of our decision is that Wichita County alone will elect the district attorney for the 30th district. . . ."

While operation of the 165th District Court is postponed until June 1, 1964, the act creating the court became effective to give notice of its creation and of the election of a judge at the general election in 1964 long before the deadline for candidates to file in the 1964 primary elections. Under these circumstances, we are of the opinion that nominations for the office will be governed by the normal rules applicable to regular full

terms of office, and parties holding primary elections must make their nominations in the primaries. The situation is similar to that in the Anderson case, except that here the court will come into existence after the primary election and before the general election, rather than after both the primary and the general election. It is distinguishable from the situation in Williams v. Huntress, 153 Tex. 443, 272 S.W.2d 87 (1954), wherein the Supreme Court upheld a nomination made by the state convention of the Democratic Party for a new district judgeship. The controversy in that case was between a nominee selected by the state convention and a nominee selected by the county convention (the district consisted of only one county), it being taken for granted both by the litigants and by the court that the new office had been created "in such a fashion that the nominee is not selected at the regular primary." The act creating the new court (Acts 53rd Leg., 1st C.S. 1954, ch. 51) provided that the court "shall come into existence on September 1, 1954." It was passed at a special session of the Legislature which adjourned on April 13, 1954, and it became a law on July 13, 1954, 90 days after adjournment. In the year 1954 the first primary election was held on the fourth Saturday in July, subsequent to the date on which the law became effective to give notice of its contents, but the filing deadline for the primary was the first Monday in May. On that deadline date the act creating the court had not become law and therefore was not effective as notice that the office was to be filled at the 1954 general election. Popham v. Patterson, supra. Consequently, the provisions of the Election Code requiring nomination by primary election did not apply. Meyers v. Smith, 314 S.W.2d 631 (Tex.Civ.App. 1958).

Brown v. Meeks, 96 S.W.2d 839 (Tex.Civ.App. 1936, error dism.), is another case which should be noticed. On June 1, 1936, the Commissioners Court of Bexar County adopted an order redividing the county into justice precincts, to be effective as of January 1, 1937, and provided in the order that the precinct officers should be nominated and elected in the 1936 elections in accordance with the precincts as defined in the order. The filing deadline for the primaries was the Saturday before the third Monday in June. Art. 3113, R.C.S. 1925. In an election contest between opposing candidates in the 1936 Democratic primary for nomination to the office of constable of redefined Justice Precinct No. 1, the Court of Civil Appeals held that the attempted nomination of a candidate for constable of the redefined precinct was a nullity and that neither candidate could be declared the nominee. The court said:

"It is clear from what has been said above that, under the plain provisions of the election statutes, persons cannot become candidates for an office that does not exist, nor can voters cast their ballots for such candidates." 96 S.W.2d at 843.

At another point the court said:

". . ./W/hen the commissioners' court attempts to determine who may become a candidate or vote in such new districts, it is attempting to legislate upon a subject over which it has no jurisdiction. The Legislature of this state has fixed the qualifications of candidates for the office of constable, or any other precinct officer, article 2927, R.S. 1925, and the commissioners' court cannot add to or take from these qualifications. . . . The Legislature is the supreme legislative power of the state, and, where an order of the commissioners court conflicts with a proper legislative act, the order must give way and the act of the Legislature prevail." 96 S.W.2d at 842.

It is readily apparent that the Brown case reaches a different result from that reached in Anderson v. Penix. Perhaps the cases can be reconciled on the ground that the Brown case involved action by the commissioners court, whereas the Anderson case involved an act of the Legislature. Be that as it may, the Anderson case was decided by the Supreme Court subsequent to the decision in the Brown case, and we therefore feel no hesitancy in following the later decision.

It may also be observed that the term of office for which the election will be held in 1964 is a full four-year term. Sec. 6 of Chapter 507, supra; Eades v. Drake, 160 Tex. 381, 332 S.W.2d 553 (1960). Rules as to whether an election to fill an unexpired term may be held before occurrence of the vacancy are not in point.

## SUMMARY

The Act creating the 165th District Court became effective on August 23, 1963, to

give notice of the court's creation and of the election of a judge at the 1964 general election, although the court will not come into existence until June 1, 1964. Candidates at the 1964 general election for the judgeship of this court should be nominated by normal nominating procedures. Parties holding primaries must nominate their candidates by primary election.

Yours very truly,

WAGGONER CARR
Attorney General

By *Mary K. Wall*

Mary K. Wall
Assistant

MKW:sj

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
V. F. Taylor
Ben Harrison
Howard Mays
Jerry Brock

APPROVED FOR THE ATTORNEY GENERAL
BY: H. Grady Chandler