THE ATTORNEY GENERAL
OF TEXAS
AUSTIN 11, TEXAS



WAGGONER CARR
ATTORNEY GENERAL

September 24, 1963

Honorable Jules Damiani, Jr.
Criminal District Attorney
Galveston County
Galveston, Texas

Opinion No. C-147

Re: Expiration date of
current term of the
Judge of the Court
of Domestic Rela-
tions for Galveston
County.

Dear Sir:

You have requested an opinion of this office as to
the expiration date of the current term of the Judge of the
Court of Domestic Relations for Galveston County. Specifically,
you ask whether the term expires on December 31, 1964, or on
December 31, 1966.

The Court of Domestic Relations for Galveston County
was created by Chapter 64, Acts of the 57th Legislature, Third
Called Session (codified as Article 2338-16 in Vernon's Civil
Statutes), which took effect on September 1, 1962. Section 7
of the original act provided in part as follows:

"Sec. 7. The term of office of the Judge of said
Court of Domestic Relations shall be for a period of
four (4) years, the first full term to commence on
January 1, 1965. Immediately upon the effective date
of this Act, the Governor of the State of Texas shall
appoint a suitable person as Judge of said Court, who
shall hold office until the next general election and
until his successor shall be duly elected and quali-
fied. Thereafter, said Judge shall be elected as
provided by the Constitution and laws of the state for
the election of District Judges. * * *"

Under these provisions, the judge elected at the general
election in 1962 would have received a term expiring on
December 31, 1964, and an election for a full term of four
years would be held in 1964. However, we are of the opinion
that these provisions of the statute are contrary to Article XVI,
Section 65 of the Constitution of Texas and must give way to

-712-

the constitutional provisions.

The Court of Domestic Relations for Galveston County is a court of county-wide jurisdiction. Section 30 of Article V of the Constitution fixes the length of the full term of office for the judge of the court at four years, in the following language:

"Sec. 30. The Judges of all Courts of county-wide jurisdiction heretofore or hereafter created by the Legislature of this State * * * shall be elected for a term of four years, and shall serve until their successors have qualified."

If this were the only provision in the Constitution relating to the term of this particular office, the judge elected at the general election in 1962 would have received a full term of four years beginning on the date fixed by Article 17 of the Revised Civil Statutes for commencement of the term, i. e., on January 1, 1963. In Eades v. Drake, 160 Tex. 381, 332 S.W.2d 553 (1960), the Supreme Court held that, under the provisions of the Constitution fixing the term of office for district judges at four years, the judge elected at the first general election after creation of a new district court received a four-year term, although the statute creating the court provided that the first election should be for a term of two years. However, we are of the opinion that the holding in Eades v. Drake is not controlling as to the office of judge of a court of domestic relations, but rather that the length and expiration of the initial term is governed by Article XVI, Section 65 of the Constitution.

Under Article XVI, Section 65 of the Constitution, providing for transition from two-year to four-year terms for county and precinct officers, certain officers received four-year terms at the general election in 1954 and others received two-year terms. The section provides that following the expiration of these terms, all the officers are to be elected for full four-year terms. In Attorney General's Opinion No. WW-1292 (1962), it was held that under this section of the Constitution, which gave tax assessors-collectors a two-year term in 1954, the election of an assessor and collector of taxes for a four-year term occurs at the general elections of 1956, 1960, 1964, etc., and that if the separate office of assessor and collector of taxes was created in a county under 10,000 population by a special election held in May of 1962, the person elected to the office at the general election of 1962 would not be elected for a full four-year term but would

be elected only for a term expiring on December 31, 1964.

Among those officers receiving four-year terms at the 1954 general election were judges of county domestic relations courts. Thus, these officers are to be elected for four-year terms in 1958, 1962, 1966, and every four years thereafter. The provision in Section 7 of Article 2338-16 for commencement of the first full term on January 1, 1965, was therefore unconstitutional. The invalidity in this section at the time of the 1962 general election did not invalidate other provisions of the act, and the judge was elected for a term of four years as provided in the Constitution. St. Louis Southwestern Ry. Co. of Texas v. Hall, 98 Tex. 480, 85 S.W. 786 (1905); State-v. Manry, 118 Tex. 449, 16 S.W.2d 809 (1929); Harris County Water Control & Imp. Dist. v. Albright, 153 Tex. 94, 263 S.W.2d 944 (1954); Eades v. Drake, supra. Accordingly, the Judge of the Court of Domestic Relations for Galveston County was elected in 1962 to a four-year term commencing on January 1, 1963.

At its regular session in 1963, the Legislature amended Section 7 of Article 2338-16 to read as follows (Acts 58th Leg., R.S. 1963, ch. 454, p. 1168):

"Sec. 7. The term of office of the judge of said Court of Domestic Relations shall be for a period of four (4) years. Said judge shall be elected as provided by the Constitution and laws of the state for the election of judges of Courts of Domestic Relations. * * *"

The caption of the amendatory act states that the act is "amending the term of office of the judge of said court to correspond with the Constitution of the State of Texas." It thus appears that the purpose of the amendment of Section 7 was to remove the invalid provision making the first full term commence on January 1, 1965. The statute as amended is now in harmony with the Constitution, and the present judge is holding office under an election to a four-year term which will expire on December 31, 1966.

## S U M M A R Y

At the general election of 1962, the Judge of the Court of Domestic Relations for Galveston County was elected to a four-year term which will expire

on December 31, 1966.  Article XVI, Section 65
of the Constitution of Texas fixes the dates
for elections for full terms of judges of county
domestic relations courts as the years 1954,
1958, 1962, and every four years thereafter, and
a provision in the original act creating the Court
of Domestic Relations for Galveston County which
fixed January 1, 1965, as the date for commencement
of the first full term was invalid.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By Mary K. Wall

Mary K. Wall
Assistant

MKW:sj


APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Ben Harrison
Edward Moffett
Polk Shelton
Scott Garrison

APPROVED FOR THE ATTORNEY GENERAL
BY:  Stanton Stone