

# THE ATTORNEY GENERAL
# OF TEXAS

**AUSTIN, TEXAS 78711**

CRAWFORD C. MARTIN
ATTORNEY GENERAL

January 30, 1970

Hon. Martin Dies, Jr.          Opinion No. M-567
Secretary of State
State Capitol Building     Re: Whether the election of
Austin, Texas  78711           a judge for the 155th
                               Judicial District at the
                               General Election, 1968,
                               was to an unexpired term
                               ending December 31, 1970,
                               or to a four-year term
Dear Mr. Dies:                 beginning January 1, 1969.

        Your recent letter to this office requests our opinion
as to whether the election of the District Judge for the 155th
Judicial District at the November, 1968, General Election was
for an unexpired term ending on December 31, 1970, or for a
four-year term beginning January 1, 1969, and ending December
31, 1972.

        The 155th Judicial District was created by House Bill
783, Acts 55th Legislature, Regular Session, 1957, chapter 509
page 1485. The Judicial District created by this Act consisted
of the counties of Austin, Caldwell, Comal, Fayette and Hays.
Section 2 of this Act provided for the Governor to appoint a
judge for the 155th District Court until the next General Elec-
tion.

        Section 7 of Article V of the Constitution of Texas
provides, in part, as follows:

        "The State shall be divided into as many
        judicial districts as may now or hereafter be
        provided by law, which may be increased or dim-
        inished by law. For each district there shall
        be elected by the qualified voters thereof, at
        a General Election, a Judge, . . . who shall
        hold his office for the period of four (4) years,
        and shall receive for his services an annual
        salary to be fixed by the Legislature. . . ."

-2708-

Section 28 of Article V of the Constitution of Texas provides, in part, that:

"Vacancies in the office of Judges of the . . . District Court shall be filled by the Governor until the next succeeding general election; . . ."

Thus, under the plain provisions of our Constitution, the position of District Judge is an elective office for a term of four years; however, vacancies in such office are to be filled by the appointment of the Governor until the next General Election. The Legislature has no authority to provide that vacancies in such office be filled in any other manner or that the term of office be other than for four years. When the Legislature creates a new District Court, upon the effective date of the Act there is a vacancy in the office of Judge which is subject to being filled by the appointment of the Governor until the next General Election, and, after a General Election takes place the term of office of the District Judge of such Court is fixed at four years by the Constitution. Eades v. Drake, 160 Tex. 381, 332 S.W.2d 553 (1960); State v. Manry, 118 Tex. 449, 16 S.W.2d 809 (1929); Manry v. McCall, 22 S.W.2d 348 (Tex.Civ.App. 1929, no writ). Article 17 of Vernon's Civil Statutes provides that the term of such office shall begin on the first day of January next following the General Election at which such offices are regularly filled.

When the Act creating the 155th District Court became effective in 1957 there existed a vacancy in the office of Judge of such Court which was subject to being filled by appointment of the Governor until the next General Election. Thereafter, such office was subject to being filled for a term of four years at the General Election in November of 1958, 1962, 1966, and 1970.

Your letter goes on to relate that the Honorable J. Lee Dittert was elected to the office of Judge of the 155th District Court at the General Election in 1966 for a four year term beginning on January 1, 1967, and ending December 31, 1970, and, that Judge Dittert died on or about January 11, 1967. Thereafter, the Act creating the 155th Judicial District was amended by Senate Bill 468, Acts 60th Legislature, Regular Session, 1967, chapter 150, page 308. The caption of such Act reads as follows:

"AN ACT reapportioning the 155th Judicial District and making necessary related provisions; amending chapter 509, Acts of the 55th Legislature, Regular Session, 1957, as amended (Article 199(155), Vernon's Texas Civil Statutes); and declaring an emergency."

Sections 1 and 2 of the amendatory Act read as follows:

"Section 1. Beginning September 1, 1967, the 155th Judicial District is composed of Austin, Fayette and Waller Counties, and its jurisdiction is coextensive with the boundaries of those counties. Its court is the 155th District Court which has concurrent jurisdiction with the 22nd District Court in Austin and Fayette Counties and with the 9th District Court in Waller County.

"Sec. 2. The Governor shall appoint a qualified person to the office of Judge of the 155th District Court. The person appointed holds office until the next General Election and until his successor is elected and has qualified. The Judge of the 155th District Court is entitled to the compensation prescribed by law."

Senate Bill 468 became effective on May 9, 1967, and thereafter on July 19, 1967, Governor John Connally sent a letter to the Secretary of State which read as follows:

"I have today appointed Paul Huser, City Attorney, Schulenburg, Texas, as Judge of the 155th District Court, succeeding Judge J. Lee Dittert, deceased. Please issue commission to Mr. Huser as soon as he has qualified."

Judge Huser took the oath of office on September 1, 1967, and his appointment was submitted to the Senate for confirmation on June 5, 1968 as having been made "to fill the unexpired term of Judge J. Lee Dittert, deceased." The appointment was confirmed by the Senate on June 28, 1968. Even though the appointment and confirmation of Judge Huser was for the unexpired term of Judge J. Lee Dittert, Section 28 of Article V of the Constitution of Texas authorizes the Governor to fill vacancies in the office of District Judge only until the next General Election, which, in this case would be November, 1968.

At the General Election in November, 1968, Judge Huser ran for, and was elected to, the office of Judge of the 155th District Court. The question of whether Judge Huser was elected to the unexpired term of Judge Dittert which ends on December 31, 1970, or was elected to a four-year term beginning January 1, 1969, and ending December 31, 1972, depends upon the effect to be given Senate Bill No. 468. If the Act creates a new Judicial District, the office of Judge of the District was subject to being filled at the November, 1968 election for a term of four years beginning January 1, 1969, and ending December 31, 1972. However, if the Act did not create a new Judicial District then the office of Judge of the 155th Judicial District was subject to being filled at the November, 1968, General Election for the unexpired term to which Judge Dittert was elected, and which ends on December 31, 1970.

Considering Senate Bill 468 as a whole, it is our opinion that such Act is no more than the caption plainly shows it to be, i.e., an Act reapportioning the 155th Judicial District, and that it was not the intention of the Legislature to abolish the District and create a new one. State v. Manry, 118 Tex. 449, 16 S.W.2d 809 (1929). You are therefore advised that Judge Huser was elected to the office of Judge of the 155th Judicial District at the November, 1968, General Election to fill an unexpired term of office which ends on December 31, 1970. Insofar as Section 2 of Senate Bill No. 468 may be construed as authorizing an election to the office of Judge of the 155th District Court for a term of four years at the November, 1968 General Election, such provision would be void as a legislative attempt to provide a term of office which is contrary to that provided by the Constitution. See Eades v. Drake, 160 Tex. 381, 332 S.W.2d 553 (1960).

## S U M M A R Y

S.B. No. 468, Acts 60th Leg., R.S., 1967, ch. 150, p. 308, did not create a new Judicial District but merely reorganized the 155th Judicial District. The election to the office of Judge of the 155th Judicial District at the November, 1968, General Election was for an unexpired term ending on December 31, 1970, and not for a four-year term beginning January 1, 1969, and ending December 31, 1972.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by W. O. Shultz
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
Bill Allen
John Reeves
Arthur Sandlin
James Quick

MEADE F. GRIFFIN
Staff Legal Assistant

NOLA WHITE
First Assistant