

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN. TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

January 29, 1970

Honorable Franklin L. Smith          Opinion No. M-566
County Attorney
Nueces County Courthouse             Re: Expiration of term of
Corpus Christi, Texas 78401              present Judge of County
                                         Court at Law No. 2 of
                                         Nueces County and whether
                                         such office should appear
                                         on the General Election
Dear Mr. Smith:                          ballot of 1970.

        You have requested an opinion of this office as to the
expiration date of the current term of the Judge of County Court
at Law No. 2 of Nueces County and whether such office should
appear on the General Election ballot of 1970.

        The provisions governing the election of the Judge of
the County Court at Law No. 2 of Nueces County are set out in
Section 6 of Article 1970-339A, Vernon's Civil Statutes, and
read, in part, as follows:

        ". . . . The Judge of the County Court at Law
    No. II of Nueces County shall hold his office for
    a term of four years, and until his successor
    shall have been duly elected and qualified. As
    soon as practicable after the effective date of
    this Act, the commissioners court of Nueces County
    shall appoint a suitable person to be Judge of the
    County Court at Law No. II, who shall take office
    on July 1, 1967 and shall hold office until
    December 31, 1968 and until his successor has
    been duly elected and qualified. His successor
    shall be elected in the general election to be
    held in 1968, for the term of four years, and a
    like election shall be held every four years
    thereafter." (Emphasis added.)

        Section 65 of Article XVI of the Constitution of Texas
governs the terms of offices for the offices listed therein and
reads, in part, as follows:

-2705-

"The following officers elected at the
General Election in November, 1954, and there-
after, shall serve for the full terms provided
in this Constitution:

". . . (d)  Judges of County Court at Law
. . ."

Section 30 of Article V of the Constitution of Texas
fixes the length of the full term of office for the Judge of the
County Court at Law at four years in the following language:

"Sec. 30.  The Judges of all Courts of
county-wide jurisdiction heretofore or here-
after created by the Legislature of this State,
. . . shall be elected for a term of four years,
and shall serve until their successors have
qualified."

Upon the authority of the foregoing constitutional
provisions, the office of County Court at Law is to be filled
for a term of four years at the General Election in November of
the years 1954, 1958, 1962, 1966, 1970, 1974, etc.  Attorney
General's Opinions WW-1292 (1962), C-147 (1963) and C-235 (1964).

Since the term of office of the Judge of the County
Court at Law is fixed by the Constitution, so much of the above
quoted and underlined provision in Section 6 of Article 1970-339A
calling for election to the first full term in November, 1968,
was therefore unconstitutional.  The invalidity in this section
at the time of the 1968 General Election, however, did not in-
validate other provisions of the act, and therefore the election
for the office of Judge of the County Court at Law No. 2 of Nueces
County held in November, 1968, was for the unexpired term of two
years ending on December 31, 1970.  Eades v. Drake, 160 Tex. 381,
332 S.W.2d 553 (1960); Sterrett v. Morgan, 294 S.W.2d 201 (C.A.
1956, no writ).  Accordingly, the office of Judge of the County
Court at Law No. 2 of Nueces County is subject to being filled
at the General Election in November, 1970, for a term of four
years beginning January 1, 1971.

## S U M M A R Y

Section 65 of Article XVI of the Constitution
of Texas fixes the dates for elections for full
terms of Judges of County Courts at Law as the
years 1954, 1958, 1962, 1966, 1970, and every
four years thereafter; the provision in Article

1870-339A fixing the full term of four years to run from the General Election of 1968 was unconstitutional, being in violation of Article V, Section 30 and Article XVI, Section 65, Constitution of Texas.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by William J. Craig
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
Alfred Walker, Co-Chairman
Allo Crow
Joe K. Longley
Sam L. Jones
James M. Mabry

MEADE F. GRIFFIN
Staff Legal Assistant

NOLA WHITE
First Assistant