

# The Attorney General of Texas

December 22, 1982

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable John B. Holmes, Jr.
Harris County District Attorney
201 Fannin, Suite 200
Houston, Texas   77002

Opinion No. MW-536

Re:  Whether article 1813(a), V.T.C.S., providing for terms of less than six years for appellate judges is unconstitutional

Dear Mr. Holmes:

You have requested an opinion on the constitutionality of article 1813(a), V.T.C.S., with respect to the terms it establishes for court of appeals judges.

Article V, section 6 of the Texas Constitution as amended in 1981 pursuant to S.J.R. No. 36, section 5, Acts 1979, Sixty-sixth Legislature, at 3224, authorized the legislature to reorganize the courts of civil appeals into the courts of appeals, with appellate jurisdiction of both civil and criminal matters within their respective districts. Pursuant to this authority, the Sixty-seventh Legislature passed Senate Bill No. 265, amending article 1813(a), V.T.C.S., to state:

> The Justices of each Court of Appeals shall be elected at the general election by the qualified voters of their respective districts. Upon their qualification, after the first election after the creation of any Court of Appeals, the Justices shall draw lots for the terms of office; those drawing number one (1) shall hold for the term of two (2) years; those drawing number two (2) shall hold for a term of four (4) years; and those drawing number three (3) shall hold office for six (6) years. Each of said offices shall be filled by election at the next general election before the respective terms expire; and the person elected shall thereafter hold his office for six (6) years.

Acts 1981, 67th Leg., ch. 291, at 761.

The court of appeals was originally created by article V, section 6 of the Texas Constitution, and had both civil and criminal jurisdiction. By 1891, however, the docket of the supreme court was so crowded that this section was amended to create the court of civil appeals. Therein the legislature was given authority to divide the state into supreme judicial districts and to designate the place where the court would hold its sessions. The term of office of the justices of these newly created courts was set at six years. However, the terms of office were initially staggered by a scheme provided by the last two sentences of article V, section 6 as adopted in 1891:

> The terms of office of the Judges of each court shall be divided into three classes and the Justices thereof shall draw for the different classes. Those who shall draw class No. 1 shall hold their offices two years, those drawing class No. 2 shall hold their offices for four years and those who may draw class No. 3 shall hold their offices for six years, from the date of their election and until their successors are elected and qualified, and thereafter each of the said Judges shall hold his office for six years, as provided in this Constitution.

Constitutional provisions relating to the supreme court and court of criminal appeals also provide for staggered terms. See Tex. Const. art. V, §§2, 4; S.J.R. 36, §2, Acts 1979, 66th Leg., at 3223; S.J.R. 18, §4, Acts 1977, 65th Leg., at 3360.

In 1978, art. V, section 6 of the Texas Constitution was amended so that the courts of civil appeals could sit in sections. The previous election staggering scheme was left in the constitution.

When this section of the constitution was further amended in 1981, the provision for staggering the elections was removed. The only reference to the terms of office in the current amendment is:

> Said Justices shall be elected by the qualified voters of their respective districts at a general election, for a term of six years...

An examination of Senate Joint Resolution No. 36 reveals that there is no transition provision applying to the terms of office for the new justices of the courts of appeals. The original resolution actually signed into law specifically strikes out the previous plan calling for a drawing of lots and the staggering of the terms. See Resolutions and Vetoed Bills, 66th Leg., Regular Session, 1979, vol. XXIX, p. 8453 on file in Secretary of State's Office, State of Texas. The election staggering scheme is noticeably absent from the present

constitution, and we believe that the legislature is without authority to vary the constitutionally mandated term of office through the amendment of article 1813(a).

A similar problem exists with article 1812(c), V.T.C.S., which was also amended by Senate Bill No. 265.  This article states:

> When additional Justices of a Court of Appeals are elected and qualified, they shall draw lots for their terms of office, as provided by law for Justices of the Courts of Appeals after the initial creation of such courts.

As noted above, the constitutional provision for drawing lots was deleted by the passage of Senate Joint Resolution No. 36.  Thus, we believe this article is also constitutionally defective.

Several controversies have arisen concerning the term of office for judges.  In 1947 the legislature created a special district court in Orange County whose existence was to terminate on August 31, 1951, "unless it shall hereafter be extended by an Act of the Legislature." In 1949 the legislature made this special court permanent, and added that the present judge would hold his position "until the time for which he has been elected expires and until his successor is duly elected and qualified."  In Attorney General Opinion No. V-1055 (1950), it was held that the legislature had not created a new court but had merely continued it on a permanent basis.  Therefore, the current district judge was entitled to hold his office for a four year term since "[i]t is clear that the intention of the 50th and 51st Legislatures was to protect the constitutional term of office of the District Judge...."  (Emphasis added).  Attorney General Opinion No. V-1055 at 5 (1950).  See also State ex rel. McCall v. Manry, 16 S.W.2d 809 (Tex. 1929); Manry v. McCall, 22 S.W.2d 348 (Tex. Civ. App. - Beaumont 1929, no writ).

In Eades v. Drake, 332 S.W.2d 553 (Tex. 1960), the plaintiff sought to have his name placed on the ballot for the 1960 Democratic Party primary as a candidate for district judge.  Eades contended that the legislature, which had created the district court in 1957, had expressly limited the first term of the new judge to two years.  The Act stated in part:

> At the first General Election after the creation of the one (1) district court numbered herein, the Judge of the said court shall be elected for a term of two (2) years...

Acts 1955, 55th Leg., ch. 510, §4, at 1487.  The Texas Supreme Court held that:

> *Insofar as the provisions of the statute are at*
> *variance with the terms of the constitution such*
> *provisions are ineffective and void.* The
> constitution provides for elective four-year terms
> for judges of permanent constitutional district
> courts and there can be no elective two-year terms
> for judges of said courts by virtue of legislative
> enactment. (Emphasis added).

Eades v. Drake, 332 S.W.2d 553, 556 (Tex. 1960).

Thus, the Texas Constitution prohibits the legislature from lengthening or shortening the terms of offices for district judges set out in article V, section 7 of the Texas Constitution. Article V, section 6 of the Texas Constitution provides for a six-year term for justices of the courts of appeals. Section 32(a) of Senate Bill No. 265, which purports to give terms of less than six years to some justices, is at variance with article V, section 6 and is therefore null and void. See also Tex. Const. art. XVI, §30; cf. Jordan v. Crudgington, 231 S.W. 2d 641, 646 (Tex. 1950).

We next address the issue of whether the constitutional infirmity discussed above applies to the terms of office of the justices already in place at the time of creation of the courts of appeals. Article V, section 6 states that:

> On the effective date of this amendment, the
> Justices of the present Courts of Civil Appeals
> become the Justices of the Courts of Appeals *for*
> *the term of office to which elected or appointed*
> as Justices of the Courts of Civil Appeals....
> (Emphasis added).

We hold that the above evidences an intent that the justices in place at the time of the amendment continue to hold office until their terms normally are due to expire. This will leave the original justices in a staggered election formation. It should be emphasized that the election staggering scheme was constitutionally mandated at the time each original justice thereunder was elected. As the constitution presently stands, each newly added justice is entitled to a six-year term from the time of the first general election after creation of any court of appeals or the addition of new judges to an existing court.

We lastly turn to the question of whether, in view of our conclusion that the staggering scheme is unconstitutional, the whole of the statute fails. Since Senate Bill No. 265 contains no severability or savings clause, article 11a, V.T.C.S., is applicable. This statute provides as follows:

Section 1. Except to the extent otherwise specifically provided in a statute enacted previously or in the future, if any provision of a statute or its application to any person or circumstance is held invalid, the invalidity does not affect other provisions or applications of the statute which can can be given effect without the invalid provision or application, and to this end the provisions of each statute are declared to be severable.

Sec. 2. Nothing in this Act affects the power or the duty of a court in an appropriate case to ascertain and effectuate the intent of the legislature with regard to the severability of a statute.

Senate Bill No. 265 is a lengthy and detailed statute reorganizing the courts of appeals. Even though section 32(a) is unconstitutional, the rest of the statute can be given effect without it.

## S U M M A R Y

The term of office for justices of the courts of appeals is fixed at six years. The election staggering scheme set forth in Senate Bill No. 265, section 32(a), Acts 1981, Sixty-seventh Legislature, chapter 291, at 778 is at variance with the constitution and is therefore null and void. The terms of office for the justices in place at the time of the amendment remain the same as when they were members of the courts of civil appeals. The term of office of each new justice of the courts of appeals is set at six years after the first general election. Tex. Const. art. V, §6. The unconstitutional provision of Senate Bill No. 265 may be severed from the remainder of the bill.

Very truly yours,

MARK   WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

p. 1944

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Linda L. Walden
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Patricia Hinojosa
Jim Moellinger
Linda L. Walden
Bruce Youngblood