Honorable Joe L. **DRAUGHN** and Murry B. Cohen, Relators,

v.

Hon. J. Curtiss **BROWN,** Chief Justice et al., Respondents.

No. C–1779.

Supreme Court of Texas.

March 23, 1983.

David A. Berg & Associates, Alice A. Brown, Houston, for relators.

Respondents were not represented by counsel.

PER CURIAM.

This is an original mandamus action in which Joe Draughn and Murry Cohen, newly elected justices of the courts of appeals of the Fourteenth Supreme Judicial District and the First Supreme Judicial District, respectively, seek an order directing the chief justices of the two courts of appeals to refrain from drawing lots to determine the length of the terms of office they will serve. The writ is conditionally granted.

Draughn and Cohen were elected on November 2, 1982. That election was the first time their positions were filled through the election process. Therefore, Draughn and two other justices-elect constitute the first justices elected to fill the three newly created positions in the Fourteenth Supreme Judicial District, and Cohen and two other justices-elect constitute the first justices elected to fill the three newly created positions in the First Supreme Judicial District of Texas.

Draughn and Cohen have been informed that lots will be drawn for the terms of office to be served by the new justices-elect, resulting in one justice serving a two-year term, another a four-year term and another a six-year term. They argue that drawing lots would violate Tex. Const. art. V, § 6, which provides that terms on the courts of appeals are for six years.

According to two statutes, Tex.Rev.Civ. Stat.Ann. art. 1812(c) and Tex.Rev.Civ.Stat. Ann. art. 1813(a), after the first election following the creation of a new position on a court of appeals, the justices shall draw lots for the terms of office. Those drawing number one shall hold office for a term of two years; those drawing number two shall hold office for a term of four years; and those drawing number three shall hold office for six years.

The Texas Constitution, as amended effective September 1, 1981, merely provides that the justices shall be elected for a term of six years. Tex. Const. art. V, § 6. Prior to the amendment, Tex. Const. art. V, § 6 provided in pertinent part:

At the first session of the Supreme Court the Court of Criminal Appeals and such of [of] the Courts of Civil Appeals which may be hereafter created under this article after the first election of the Judges of said courts under this amendment. [sic] The terms of office of the Judges of each court shall be divided into three classes and the Justices thereof shall draw for the different classes. Those who shall draw class No. 1 shall hold their offices two years, those drawing class No. 2 shall hold their offices for four years and those who may draw class No. 3 shall hold their offices for six years, from the date of their election and until their successors are elected and qualified, and thereafter each of the said Judges shall hold his office for six years, as provided in this Constitution.

When the Constitution provided for drawing lots for terms of office, there was no conflict with a statutory provision doing the same. However, the current statutory provisions calling for drawing lots are in conflict with the Constitution as amended.

In *Eades v. Drake*, 160 Tex. 381, 332 S.W.2d 553 (1960), an attorney sought a writ of mandamus requiring placement of his name on the primary ballot as a candidate for district judge two years after the first judge was elected to serve in that district court. The statute creating the district court provided that the first elected judge would serve a two-year term. The court denied the petition for writ of mandamus, holding that the part of the statute

calling for a two-year term was void because it violated the constitutional provision for elective four-year terms for judges of permanent constitutional district courts.

We hold that just as in *Eades v. Drake, supra,* the provisions in Tex.Rev.Civ.Stat. Ann. art. 1812(c) and 1813(a) calling for the drawing of lots for terms of office are void, because they violate the constitutional provision for elective six-year terms for judges of the courts of appeals. Tex. Const. art. V, § 6. Chief Justices Brown's and Evans' attempts to comply with the statutes and draw lots for terms of office will conflict with the holding in *Eades v. Drake, supra.* Therefore, without hearing oral argument, we grant the writ of mandamus pursuant to Tex.R.Civ.P. 483. If Chief Justices Brown and Evans draw lots for terms of office, the writ will issue.