**John H. MEYERS, Relator,**

v.

**Cyril J. SMITH, Chairman, Harris County Democratic Executive Committee, et al., Respondents.**

**Sam W. DAVIS, Relator,**

v.

**Cyril J. SMITH, Chairman, Harris County Democratic Executive Committee, et al., Respondents.**

Nos. 13339, 13341.

Court of Civil Appeals of Texas.

Houston.

June 23, 1958.

Bell & Singleton, Chas. W. Bell, Houston, attorneys for relator Sam W. Davis, and William G. Fox, and Fountain, Cox, Gaines & Fox, Houston, for relator John H. Meyers.

Miron A. Love, Houston, for respondents.

Wm. N. Bonner and Geo. D. Neal, Houston, amici curiae.

BELL, Chief Justice.

These are original mandamus proceedings. The Relator in each case was granted leave to file his petition for a writ of mandamus and the two proceedings were set by the court for hearing at the same sitting of the court, and were argued at the same sitting, as they involve precisely the same question and the same facts. We will dispose of the proceedings together.

The Honorable A. C. Winborn was Judge of the Criminal District Court No. 3 of Harris County. The territorial limit of his district was Harris County. He was elected to a 4-year term at the General Election in November, 1956. He entered upon that term January 1, 1957, and his term would not expire until December 31, 1960. Judge Winborn died Sunday, June 1, 1958.

On June 2, the first Monday of the month, each of the Relators filed his application in due from with the Chairman of the Harris County Democratic Executive Committee to become a candidate for the Democratic nomination which should be determined in the Democratic Primary, to fill the vacancy in office created by Judge Winborn's death. Each paid the filing fee earlier determined by the Harris County Democratic Executive Committee for a candidate for District Judge for an unexpired term. The Chairman of said Executive Committee announced he would accept filings from candidates for this office until June 16, the date for the meeting of the Executive Committee. He was uncertain of his authority to do so, but in a commendable spirit of fairness he determined to do this, and then to leave up to the Committee a determination of whether the

names of the persons who should file as candidates should be put on the Primary ballots. Two other candidates filed applications before June 16, but are not parties to this proceeding.

On June 9 the State Democratic Committee met, pursuant to Election Code Article 13.12, Vernon's Ann.Tex.St. At such meeting the legal sub-committee of that Committee made the following report:

"Hon. Jim Lindsey　　　　Austin, Texas
"Chairman　　　　　　　June 9, 1958
"State Executive Committee
"Austin, Texas
"Dear Sir:
"Your Legal Sub-Committee has been asked to pass on the question of a Judicial vacancy in Harris County, wherein Judge A. C. Winborn, Judge of the Criminal District Court died on June 1, 1958.
"The Chairman of the Harris County Democratic Executive Committee has accepted filing from four candidates and has extended the time for filing for this office until June 16.
"It is not clear that the laws of this state are adequate to cover the circumstances in the instant case.
"Therefore, we recommend that the filing date for this office be left open until the Harris County Executive Committee meets on June 16. We further recommend that the State Convention in September certify as the nominee of the Democratic Party for that office the person receiving a majority of the votes in the primary election.

"s/ H. O. Woodward
　　"Chairman

"s/ Magus Smith

"s/ Robt. A. Hall

"s/ Fagan Dickson"

There is nothing in the record showing action by the full State Committee except the sworn statement of Relators that the Committee "adopted a resolution, a copy of which is attached hereto, marked Exhibit D, and made a part of this petition." Exhibit D is the report of the legal sub-committee copies above.

On June 16 the Harris County Executive Committee met and passed a resolution directing that the Primary Committee and its Chairman, Cyril J. Smith, not place upon the Primary ballot the names of Relators, or any other person, who had filed as a candidate for the nomination to fill the vacancy created by the death of Judge Winborn. The resolution states its action was taken because its members were of the view that Article 6.04 of the Election Code was applicable in the situation presented, and there was no authority to hold a Primary election to determine the nominee for the office. Article 6.04 provides for selection of a nominee by the District Committee in certain situations.

These proceedings followed, the petitions being filed against the Chairman of the Harris County Democratic Executive Committee, all of its members, the Chairman of the Primary Committee, and all of its members.

The position of Relators is twofold:

■ 1. Election Code Article 13.12, V. A.T.S., and particularly subd. 2 thereof is applicable, and since they filed their application the first Monday in June, their names should appear on the ballot. Subd. 2 reads as follows:

"Any such request shall be filed with the state chairman in the case of state-wide races, with the district chairman in the case of districts consisting of more than one (1) county, and with the county chairman in the case of county and precinct officers; such request shall be filed not later than the first Monday in May preceding such primary, and shall be considered filed if sent to such chairman at his post-office address by registered mail from any point in this State, provided, how-

ever, that in the event that there is no candidate for the nomination of any office due to the death of the one who had filed or for any other reason, applications may be filed not later than the first Monday in June preceding the primary."

2. If they be mistaken in their first contention, then there is no statute governing the situation and, the State Committee having passed a resolution directing that filings by candidates be accepted by the County Chairman until June 16, the County Committee is bound to put the names of Relators on the Primary ballot so the electorate may, at the Primary, choose the nominee.

We cannot agree with either contention of Relators.

On the first point we deem the case of Kilday v. Germany, 139 Tex. 380, 163 S. W.2d 184, 187, controlling. This case was decided prior to the passage of V.A.T.S. Article 13.12, but Article 13.12 is in substance a combination of old Article 3111–3113, V.A.T.S. There is present in Article 13.12 the proviso above quoted as a part of subd. 2, which was not a part of old Articles 3111–3113. We think, however, this adds nothing to make inapplicable the construction given Article 3111 by our Supreme Court. In the Kilday case the Court said:

"It is apparent, we think, not only from the terms of Article 3111, but from the whole chapter of which it is a part, that the provisions of that Article, in so far as it fixes the final date for a candidate for party nomination for State office to file for a place on the ballot is intended to apply to candidates seeking party nomination for State offices, the terms of which in the usual course of events expire by operation of law during the year in which the election is to be held, or in case the election is to fill an unexpired term, where the vacancy occurs long enough

prior to the final date fixed therein to afford a reasonable opportunity for all prospective applicants to comply with the law."

In this case Judge Winborn's term of office would not, in the normal course of events, have expired during 1958, nor did a vacancy occur by reason of his death before the filing date of May 5, 1958.

■ Relators argue that the proviso stating the filing date is extended from the first Monday in May until the first Monday in June where " * * * there is no candidate for the nomination of any office due to the death of one who had filed, or, *for any other reason* * * *" (emphasis ours) means that if for any reason there is no candidate for an office the filing deadline is extended. The subject matter with which the whole article deals must be considered in interpreting a portion of the article. The subject matter of Article 13.12 is filing as a candidate for an office that is open on the first Monday in May and must be filled either because the term of the office will in the normal course of events expire within the year, or because there is an unexpired term to be filled because a vacancy has occurred in an office to a time prior to the first Monday in May sufficient to give persons who would become candidates a reasonable opportunity to file.

■ Relators next contend they are entitled to have their names on the Primary ballot because the State Democratic Executive Committee by resolution determined that applications by persons wishing to become candidates for nomination should be accepted up until June 16. As stated above, we do not have any copy of the resolution adopted by such Committee. We have merely a statement in the petition for the writ of mandamus that Exhibit D to the petition of Relator Meyers and adopted by Davis is the resolution. In form this Exhibit is but the recommendation of a sub-committee. We interpret the resolution thus presented as only a recommenda-

tion to keep open the time for candidates to file, and it is not a positive determination by such Committee that candidates should be allowed to file by June 16 and the nominee chosen from among them at the Primary election.

It is unnecessary, in this proceeding, to determine whether Article 6.04, V.A.T.S., is applicable and we express no opinion relative thereto.

The petition for writ of mandamus in both proceedings is denied.