

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

February 18, 1964

Honorable John Connally
Governor of Texas
Austin, Texas

Opinion No. C-217

Re: Procedure for nomination
of candidate for Associate
Justice of the Court of
Civil Appeals, Ninth Supreme
Judicial District, under the
stated facts.

Dear Governor Connally:

Your request for an opinion on the above-captioned
matter reads as follows:

"The untimely death on February 7, 1964,
of the Honorable W. T. McNeill, Associate
Justice of the Court of Civil Appeals for the
Ninth Supreme Judicial District, has created
some confusion with respect to the May, 1964,
primaries.

"At the time of his death, Judge McNeill
was completing a six-year term which was to
expire on December 31, 1964. Prior to the
February 3, 1964, filing deadline, Judge
McNeill made application pursuant to Article
13.12 of the Texas Election Code with the
State Democratic Executive Committee for that
party's nomination for the new six-year term
on the Court beginning January 1, 1965. No
other candidates filed for this office prior
to the filing deadline.

"Article 8.22 of Vernon's Texas Election
Code provides: 'If a candidate in the first
primary dies after the deadline for filing,
his name shall be printed on the first primary
ballot and the votes cast for him shall be
counted and returned for him. If such a
deceased candidate receives a majority of the
votes, the proper executive committee shall
choose a nominee and certify such name to
the proper officer, as provided in Section
233 of this Code /Article 13.56, Vernon's
Texas Election Code/, to be printed on the
general election ballot.'

-1043-

"Numbered Paragraph 2 of Article 13.12 of the Election Code provides: 'The application shall be filed with the state chairman in the case of state-wide offices, with the county chairman of each county composing the district in the case of district offices in districts consisting of more than one county, and with the county chairman of the particular county in the case of county and precinct offices and district offices in districts consisting of only one county or part of one county; provided, however, that applications of candidates for Justice of the Court of Civil Appeals shall be filed with the state chairman. The application shall be filed not later than the first Monday in February preceding such primary; provided, however, that in the event there is no candidate for the nomination of any office due to the death of the one who has filed, applications may be filed not later than the first Monday in March preceding the primary. * * *' /Emphasis supplied./

"In light of the death of Judge McNeill, the following questions are presented:

"Is the Democratic party required to include W. T. McNeill's name on its May primary ballot for this office under Article 8.22 of the Election Code; or does Article 13.12 of the Election Code require the State Democratic Chairman to accept additional applications for his party's nomination for this office until the first Monday in March?

"I would appreciate your opinion on these questions."

If the proviso in paragraph 2 of Article 13.12 of the Election Code only applies in those instances where the only candidate dies before the original deadline for filing, then Judge McNeill's name should be printed on the ballot in accordance with provisions of Article 8.22 of the Election Code. The result would be either that the district executive committee would make the nomination or that a write-in candidate would become the nominee. On the other hand, if the death of the only filed candidate between the first Monday in February and the first Monday

in March produces an extension of the filing deadline,
Judge McNeill's name would not be printed on the ballot and
the nomination would be made in accordance with normal primary
voting rules.

The general policy expressed in the Texas Election
Code is to require that parties which cast 200,000 or more
votes for Governor in the preceding general election must
make their nominations by primary election except in special
circumstances where this method of nomination is not feasible.
(Arts. 6.01 and 13.02.) In keeping with this policy, it is
also the general policy to limit the nominating authority of
party executive committees, and to grant the authority only
in unusual situations where nomination cannot be made by
primary election. Gilmore v. Waples, 108 Tex. 167, 188 S.W.
1037 (1916). Nomination by an executive committee is author-
ized only where the nominee dies or declines the nomination
(Art. 13.56), where a vacancy in office arises too late for
nomination of a candidate for the unexpired term by normal
primary procedures (Art. 6.04, prior to amendment in 1953;
Art. 13.12a, added in 1953), or where a deceased candidate's
name is printed on the primary ballot and the deceased candi-
date receives a majority of the votes (Art. 8.22). The 58th
Legislature in 1963 re-emphasized the policy to require
nomination in the primary when it rewrote former provisions
of Article 6.04 which authorized state and district executive
committees to name a nominee for an unexpired term where the
vacancy in office occurred after the regular filing deadline
for the primary. The law, now contained in Article 13.12a,
provides for nomination in the primary if the vacancy occurs
at any time up to 30 days before the date of the primary.

We believe it may be said without contradiction
that nomination by write-in votes in races where there is no
filed candidate's name printed on the ballot is generally
an unsatisfactory method for selecting a nominee. The legis-
lative attitude toward this method of nomination was expressed
in an amendment to Article 13.09 of the Election Code in 1963,
which provides as follows: "If for any office, other than the
party office of county chairman or precinct chairman, there
is no candidate whose name is to be printed on the general
primary ballot, the title of the office shall not be printed
on the ballot and no write-in vote for such office shall be
counted."

We also believe that no one will dispute the un-
desirability of placing a deceased person's name on the ballot
unless good and sufficient reason exists for doing so. The
justification for it is to provide voters with means for
preventing the nomination of some other candidate who would be

unacceptable to them. Provisions for placing a deceased
candidate's name on the ballot take cognizance of the fact
that the deceased candidate may have had strong popular
support and his candidacy may have deterred other capable,
acceptable persons from becoming candidates, and also take
cognizance of the difficulty of organizing and consolidating
support for a write-in candidate.

A general principle of statutory construction is
that where a provision is susceptible of different meanings,
that construction should be favored which more nearly accords
with the spirit and policy of the law.

With these general principles and policies in mind,
we turn to a consideration of the meaning of the proviso of
Article 13.12 in the sentence reading:

> " * * *The application shall be filed
> not later than the first Monday in February
> preceding such primary; provided, however,
> that in the event there is no candidate for
> the nomination of any office due to the death
> of the one who had filed, applications may be
> filed not later than the first Monday in March
> preceding the primary. * * *"

We believe the most reasonable construction of this provision
is that the filing deadline is extended if the only filed
candidate dies either before or after the regular deadline.
If the statute had provided for extension of the deadline in
the event the filed candidate died within a specified time
before the regular deadline (e.g., less than five days before
the first Monday in February), our conclusion might be different.
But the statute does not make a time restriction. It is not
unusual for candidates to file as early as the first week in
January preceding the primary. Suppose a candidate had filed
on January 5, and had died on January 10, leaving a period of
three weeks or more in which other candidates might have filed
but none did. Is there any more reason for extending the
deadline in those circumstances than where the only filed
candidate dies within a week after the regular deadline?
To the contrary, there is far more reason to open the filing
where the death occurs after the original deadline. The
present fact situation forcefully demonstrates the truth of
this assertion. Undoubtedly Judge McNeill's acceptability
to the voters of his district accounted for lack of opposition
for the Democratic nomination. If he had not been a candidate,
it fairly may be assumed that other candidates would have filed
for the office. If his death had occurred at a time when other
candidates would have had a reasonable opportunity to file

before the February 3rd deadline, there would have been no real necessity for extending the deadline. His death having occurred after that deadline, no other candidate may file for the office unless his death puts the proviso into operation. If his death does not have that effect, his name will appear on the primary ballot as the only candidate for the office and the result will be to force nomination in one or the other of two manners--nomination by an executive committee or nomination from write-in candidates only--neither of which comports with the general policy of the law.

There has been no court decision settling the question of whether the death of the only filed candidate after the original deadline will cause an extension of the filing period. In Meyers v. Smith, 314 S.W.2d 631 (Tex.Civ.App. 1958), a district judge whose term expired on December 31, 1960, died on Sunday, June 1, 1958. At that time, the normal deadline under Article 13.12 was the first Monday in May, and the extended deadline was the first Monday in June, which in 1958 fell on June 2. On Monday, June 2, two candidates filed for the unexpired term. In a mandamus action brought by these candidates to compel the county executive committee to place their names on the primary ballot, the Court of Civil Appeals held that Article 13.12 does not apply to a nomination for an unexpired term where the vacancy in office occurs after the regular filing deadline, without intimating whether the proviso would or would not have become operative if the nomination had been governed by Article 13.12.

It is our opinion that Judge McNeill's death brought the proviso of Article 13.12 into operation, and candidates for the Democratic nomination may file for the office through the date of March 2. It is also our opinion that Article 8.22 will not apply, and that Judge McNeill's name should not be printed on the primary ballot. This article provides that a deceased candidate's name shall be printed on the first primary ballot if he dies "after the deadline for filing." If there is more than one filed candidate for the office, the death of one candidate occurring either before or after the original deadline does not cause an extension of the filing period, but if one of the candidates dies after the deadline, his name is printed on the ballot along with the names of the living candidates. This apparently was the situation in Willey v. Fennell, 269 S.W.2d 407 (Tex.Civ.App. 1954), which is the only reported case decided under the provision in Article 8.22 relating to death of a candidate in the first primary. But where by reason of the proviso in Article 13.12 the filing deadline is extended, we interpret the "deadline for filing" referred to in Article 8.22 to be the extended deadline.

Hon. John Connally, page 6 (C-217 )

### SUMMARY

Where filing for a place on the primary ballot is governed by Article 13.12 of the Election Code and the only person who has filed for a particular office dies after the regular filing deadline of the first Monday in February but before the first Monday in March, the filing deadline for that office is extended to the first Monday in March. In such event, the deceased candidate's name is not placed on the ballot under the provisions of Article 8.22 of the Election Code which pertain to death of a candidate in the first primary after the deadline for filing.

Yours very truly,

WAGGONER CARR
Attorney General

By _Mary K. Wall_
Mary K. Wall
Assistant

MKW:sj

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
H. Grady Chandler
Joe Long
V. F. Taylor

APPROVED FOR THE ATTORNEY GENERAL
BY: Stanton Stone