MACK CARTER V. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS.

No. 2557.   Decided June 25, 1913.

**1.—Jurisdiction—Special District Court—Constitution.**

The Act of March, 1913, creating a Special District Court for Grayson County (Laws, 33d Leg., p. 441) was a valid exercise of the power conferred on the Legislature by paragraph 3 of article 5, section 1, of the Constitution (amendment adopted Sept. 22, 1891), which authorized it to "establish such other courts as it may deem necessary and prescribe the jurisdiction and organization thereof, and conform the jurisdiction of the district and other inferior courts thereto.   (Pp. 141, 142.)

**2.—Same.**

The Act creating a Special District Court for Grayson County (Laws, 33d Leg., p. 441) is held:
    (1)   To create a valid court in and for Grayson County, with the powers and jurisdiction of a district court, under the laws and Constitution of the State of Texas.
    (2)   To sufficiently describe or specify the district in which such court should exercise its jurisdiction.
    (3)   The Legislature had authority to create said court and in the same Act limit the time of its duration.
    (4)   It also had power to authorize the Governor to appoint a judge for said court, who should hold office ·co-extensive. with the life of such court, the end of his term as well as of the existence of the court being after the next general election, but before a successor elected thereat could receive a certificate of election and qualify.
    (5)   It had authority, also, to provide that the clerk of the District Court of Grayson County should be clerk of the Special District Court so created.   He was not holding two offices at the same time in so doing.   (Pp. 141-143.)

**3.—Courts—Jurisdiction—Constitution—Cases Reviewed.**

The purpose and effect of the amendment to article 5, section 1, of the Constitution of Texas, adopted Sept. 22, 1891, discussed.   Harris County v. Stewart, 91 Texas, 133, approved, and Ex parte Towles, 48 Texas, 414, and Whitener v. Belknap, 89 Texas, 273, distinguished. (Pp. 142-143.)

Questions certified from the Court of Civil Appeals, Fifth District, in an appeal from Grayson County.

*Wolfe, Wood & Haven,* for appellant.   (*J. E. Cawthron* and *Jones & Hassell* also filed argument for appellant.)

*A. S. Coke* and *Head, Smith, Hare, Maxey & Head,* for appellee.

Mr. CHIEF JUSTICE BROWN delivered the opinion of the court.

Certified questions from the Court of Civil Appeals for the Fifth Supreme Judicial District.    The statement and questions are as follows:

"This suit was instituted by appellant in the Fifteenth Judicial District Court of Grayson County, Texas, on the 19th day of July, 1912, to recover damages in the sum of $30,000 for personal injuries which he alleged he sustained through the negligence of appellee, the Missouri, Kansas & Texas Railway Company of Texas.

"On the 13th day of May, 1913, by an order entered upon the docket of the Fifteenth Judicial District Court by the judge thereof transferring this case, this case was ordered transferred to the 'Special District Court of Grayson County.'    On the 20th day of May, 1913, the Missouri, Kansas & Texas Railway Company of Texas, defendant in the court below, appellee herein, filed and presented in the Special District Court of Grayson County its plea to the jurisdiction attacking the validity and jurisdiction of said Special District Court, said plea being as follows, towit:

"'Now comes the defendant in the above styled and numbered cause and objects to the hearing and determination of this cause by this court and says that this court is without any validity or jurisdiction whatever because it says the Act of the Legislature creating this court is unconstitutional and void, and, therefore, no power rests in it to try and determine this cause, for the following reasons:

"'1.    The terms of said Act do not bring this pretended court within the terms and provisions of section 1, article 5, of the Constitution of the State of Texas, as adopted September 22, 1891, but it is an attempt to establish a District Court under the terms and provisions of section 7, article 5, of the amendment to the Constitution of the said State of Texas, as adopted September 22, 1891, and said Act is in violation of the provisions of said constitutional requirement and therefore void.

"'2.    Said Act is in violation of section 7, article 5, of the Constitution of the State of Texas, in that said constitutional provision requires that a district shall be established and defined, before a District Court, for the same, can be established, and said Act of the Legislature, in no manner defines said district, does not show of what county or counties it is composed, but merely indicates where the court shall be held.

"'3.    Section 7, article 5, of the Constitution of the State of Texas provides that the term of office of a district judge shall be four years. The Act of the Legislature in attempting to establish this court does not comply with this constitutional requirement, but attempts to establish a District Court for a less period of time.

"'4.    Section 28, article 5, of the Constitution of the State of Texas provides that vacancies in office shall be filled by the Governor until the next succeeding general election.    In this Act of the Legislature, in attempting to establish this court, it is provided that the Governor shall

appoint a district judge, who shall hold his term of office through and after a general election in the State of Texas.

" 'Wherefore, this defendant prays to be discharged.'

"Said plea to the jurisdiction was overruled and cause proceeded to trial in the court below and resulted in verdict and judgment for the Missouri, Kansas & Texas Railway Company of Texas, from which verdict and judgment Mack Carter has appealed to this court. In the appeal is involved the validity of the Special District Court of Grayson County, a court created by an Act of a regular session of the Thirty-third Legislature of the State of Texas, being the court in which this case was tried.

"Because of the importance to the litigants in cases pending in said Special District Court of Grayson County, and the urgent necessity of a final determination and adjudication of the question of the validity of said court we deem it proper to certify the questions involved to the honorable court for determination. The Act of the Thirty-third Legislature creating a Special District Court for Grayson County is as follows:

" 'An Act to create a Special District Court for Grayson County, to prescribe its jurisdiction, to limit its existence, to fix its terms to conform all writs and process from said court and the other District Courts in said county to such changes as are made in the jurisdiction of any of said courts by this bill, to empower the judge of said Special District Court and the judges of the Fifteenth and Fifty-ninth Judicial Districts in Grayson County to transfer cases from their respective courts to the other of said courts, to provide for the appointment of a judge for said Special District Court, to fix his salary and term of office, and declaring an emergency.

" 'Be it enacted by the Legislature of the State of Texas:

" 'Section 1. That there is hereby created a court to be held in Grayson County to be called the "Special District Court of Grayson County."

" 'Sec. 2. Said Special District Court of Grayson County shall have jurisdiction concurrent with the District Courts of the Fifteenth Judicial District and the Fifty-ninth Judicial District of all matters and causes of a civil and criminal nature over which, under the Constitution, and by general laws of the State of Texas, any District Court of Grayson County, Texas, has original and appellate jurisdiction.

"Sec. 3. The judge of the District Court of Grayson County, of either the Fifteenth Judicial District or the Fifty-ninth Judicial District may, in their discretion, either in term time or in vacation, by an order entered upon the minutes of their respective courts, transfer any case or cases that may at any time be pending in his court to the Special District Court of Grayson County created by this Act, and the Special District Court shall have the same power and authority to try and finally dispose of such causes so transferred as the court from which the same were transferred, and the judge of the Special District Court of Grayson County may at any time, in his discretion, either in term time or in vacation, by an order, or orders, entered upon the minutes

of his court, transfer any cause pending upon his docket to either the Fifteenth Judicial District or the Fifty-ninth Judicial District Court of Grayson County, and when said cause or causes are so transferred, the court to which such transfer is made shall have the same right and authority to try and finally dispose of the same as was originally had by said Special District Court of Grayson County.

" 'Sec. 4. Any party or person desiring to bring a suit over which any of the District Courts of Grayson County, Texas, have jurisdiction shall have the right to file the same either in the District Court for the Fifteenth or the Fifty-ninth Judicial District, or in said Special District Court hereby created, subject to the right of the judges of said courts to transfer the same as herein provided.

" 'Sec. 5. The clerk of the District Court of Grayson County as heretofore constituted and provided by law and his successors in office shall be the clerk of both the Fifteenth and Fifty-ninth District Courts, in said county, as well as of said Special District Court created by this Act, and shall perform all the duties pertaining to the clerkship of each, and all of said courts.

" 'Sec. 6. The Governor of the State of Texas is hereby authorized and empowered to appoint some person, having the qualification provided by law for district judges, as judge of said Special District Court of Grayson County, who shall hold his office until the 1st day of December, 1914. The compensation of the judge of the Special District Court of Grayson County shall be the same as paid to the judges of other district courts.

" 'Sec. 7. There is hereby conferred upon said Special District Court and the judge thereof, all the rights, powers and duties that are given by the law to the District Courts and district judges of this State, and all laws of the State of Texas, in reference to District Courts, and district judges shall be deemed and held equally applicable to said Special District Court, except as herein specifically excepted.

" 'Sec. 8. The terms of said Special District Court created by this Act shall be as follows: A term to begin on the third Monday in September, and last until Saturday before the third Monday in December; a term to begin on the third Monday in December which shall continue until Saturday before the third Monday in March; a term to begin on the third Monday in June and may continue until the Saturday before the third Monday in September; providing, however, that the first term of the said Special District Court shall begin on the first Monday after the qualification of the judge appointed by virtue of this Act and end with the last Saturday before the first day of the next term.

" 'Sec. 9. Said Special District Court of Grayson County created by this Act shall cease to exist on the 1st day of December, 1914, at which time the term of office of the judge of said court shall expire by limitation of law, and the provision of this Act except those embodied in section 10 herein.

" 'Sec. 10. That at the expiration of the term for which said Special District Court is created, the judge thereof shall deliver all the dockets

and records of said court to the clerk of the District Court of Grayson County for preservation, and any cause or causes pending upon the dockets of said court at the time shall be by said clerk transferred to the dockets of either the District Court for the Fifteenth Judicial District or the District Court for the Fifty-ninth Judicial District of Grayson County, such cases to be transferred alternately to such dockets, and each of said courts shall have the same right, power and authority to try and finally dispose of said cases so transferred as if the same had originated in one of said courts.

" 'Sec. 11.   That all laws and parts of laws in conflict with the provision of this Act be and the same are hereby repealed, but nothing in this Act shall be construed as in any way affecting the process, terms, jurisdiction or authority of either the Fifteenth or the Fifty-ninth Judicial District Courts for Grayson County, except as herein specially conferred upon said Special District Court of Grayson County and all process issued in any case pending in either of said courts shall be equally valid in any cause transferred to said Special District Court.

" 'Sec. 12.   The crowded state of the dockets of the District Courts of the Fifteenth Judicial District and the Fifty-ninth Judicial District of Grayson County, and the inability of parties litigant to have their causes heard and disposed of without unusual and disastrous delays, creates an emergency and an imperative public necessity for the suspension of the constitutional rules requiring bills to be read on three several days in each branch of the Legislature, and that this Act to take effect from and after its passage.   Said constitutional rule is therefore hereby suspended, and it is enacted that this bill take effect and be in force from and after its passage.'

"Question 1.   Does said Act create a valid court in and for Grayson County with the powers and jurisdiction of a District Court, under the Constitution and laws of the State of Texas?

"Question 2.   Does said Act sufficiently describe or specify the district in which said court shall exercise its jurisdiction?

"Question 3.   Did the Legislature have the authority to create said court and in the same Act limit the time of its duration?

"Question 4.   Did the Legislature have the authority to authorize the Governor to appoint a judge for said court who should hold office coextensive with the life of said court; the end of his term, as well as the end of the existence of the court being after the next general election, but before a successor elected at such election could receive a certificate of election, and qualify? .

"Question 5.   Did the Legislature have the authority to provide that the clerk of the District Court of Grayson County should be clerk of the Special District Court created by the Act?

"Question 6.   If the court should answer any of the above questions in the negative, what effect will such answer have upon the validity of said Special District Court?"

We answer each and all of the questions in the affirmative.

The third paragraph of article 5, section 1, of the Constitution reads thus:

"The Legislature may establish such other courts as it may deem necessary and prescribe the jurisdiction and organization thereof, and may conform the jurisdiction of the District and other inferior courts thereto."

In the case of Harris County v. Stewart, 91 Texas, 133, 41 S. W., 650, this court said:

"In the case of Ex parte Towles, 48 Texas, 414, and in some other cases the Supreme Court had held that by adopting article 5 of the Constitution, a complete judicial system was established and all of the judicial power of the State was vested in the several courts, named in section 1, as it was distributed in the several sections with reference to each particular court. The language 'and in such other courts as may be established by law,' was nullified by the decisions of the Supreme Court in the cases mentioned. The courts and lawyers were in constant trouble as to the jurisdiction of courts, which greatly embarrassed the administration of justice; in fact, there were some subjects of which no court had jurisdiction.

"When the Legislature of the State came to formulate the amendment to be submitted to the people, one of the principal objects was to avoid the force of that class of decisions and to render elastic the judicial system provided for in the Constitution, so that the needs of the State, which might develop in its future growth, could be provided for by the Legislature from time to time. That there might be no question of the proper construction of the limitations placed by the Constitution upon the power of the Legislature to create courts, the last clause of the section copied above was introduced, and the people of the State adopted the amendment for the purpose of ridding the State of the incubus which the construction contended for had saddled upon it."

We are of opinion that the effect of that provision was to confer authority upon the Legislature to create emergency courts and in their organization to provide the means by which the existing evils could be remedied expeditiously.

The manifest purpose of the people in adopting that amendment was to enable the Legislature to meet such conditions as are present in this case, and it is the duty of the courts to act in harmony with the spirit of that amendment and to give to it a liberal construction. It would be difficult to express more definitely the authority conferred in that clause of the Constitution to "establish such other courts as it may deem necessary," which places in the discretion of the Legislature the character and number of courts that may be created as well as the manner in which the officers shall be chosen.

The territory over which the jurisdiction of such court may be exercised and the subjects upon which its authority may be exerted are at the discretion of the Legislature.

The Act under consideration creates a valid court and by reference to the existing District Courts of the county expresses the subjects of

jurisdiction and the territory within which it may exercise its authority. Under the broad power to establish the court and to prescribe its "jurisdiction and organization" the Legislature had authority to provide for the appointment of a judge by the Governor and to limit his term of office. There could be no court organized without a judge—a necessary part of the court. The term of office of the judge will not extend beyond the time for the qualification of a successor, because the court will cease to exist and there could be no successor. The Legislature had power to limit the existence of the court that it was authorized to create. The Act imposed additional duties upon the clerk of the District Courts, but created no additional office.

We note here that this court held that the Legislature did not attempt to exercise the powers conferred by this article of the Constitution in enacting the law under examination in Whitener v. Belknap, 89 Texas, 273, 34 S. W., 594, hence the reasoning in that case is not applicable here.

In Harris County v. Stewart we carefully examined and discussed the questions of law presented in this case.