## L. J. Bray v. The State.

No. 9087.    Delivered June 17, 1925.

Rehearing Denied October 14, 1925.

1.—Transporting Intoxicating Liquor—Statute Construed—92nd District Court—Jurisdiction of.

While the act of the 38th Legislature creating the 92nd District Court for a term of only two years, did not specifically vest in said court the power to empanel a grand jury, such power was vested by virtue of our state constitution, defining the jurisdiction and powers of District Courts. See Ry. Company v. Hall, 98 Texas, 480; 85 S. W. 786, Lytle v. Halff, 75 Texas, 128; 12 S. W. 610. Following Walker v. State, 267 S. W. decisive of the question.

2.—Same—Practice on Appeal—Transferring Causes.

Where for the first time, on appeal appellant raises the issue that the cause was not properly transferred from the 92nd to the 30th district Court in Young County, it comes too late. In the Richardson case 97 Tex. Crim. Rep. 448, Judge Lattimore says. "There is nothing in the record showing how the case came to be transferred. The burden would be upon appellant, who asserts the illegality of the transfer to show it," Also see McCauley v. State, 97 Tex. Crim. Rep. 1.

3.—Same—Continuance—No Bill of Exception—Not Considered.

Where no bill of exception complaining of the trial court's refusal to grant appellant a continuance appears in the record, the refusal cannot be considered by us. Branch's Ann. P. C. 304. Following Womack v. State, 170 S. W. 140, and many other authorities cited.

4.—Same—Bill of Exception—Selection of Jury—Not Considered.

Where a bill of exception complains of the manner of selection of the jury, but does not disclose any evidence whatever in support of the motion to quash, it cannot be considered. This court has repeatedly held that it would not consider bills of exception, unless the bill's within themselves showed the error complained of. Following Cavanar v. State, 269 S. W. 1063 and other cases cited.

5.—Same—Reopening Case—Not Error.

Where the state was permitted, after the case was closed to introduce a witness who testified, no error is shown, as it has been repeatedly held that the trial court, is his discretion, may reopen the case and admit evidence until argument is concluded, and, appellant's bill not disclosing what the testimony of the witness was, we cannot say that the trial court did not act within his discretion.

6.—Same—Evidence—Smelling Whisky by Jury—Improper.

Where the State was permitted to hand the jury a bottle containing the liquor transported, and permitting them to smell same, was improper, but in view of the evidence of numerous witnesses that the liquor transported was whisky, and no conflict in the evidence to that effect, we do not feel warranted in reversing the cause for this error. Following Lerma v. State, 81 Tex. Crim. Rep. 109.

**7.—Same—Circumstantial Evidence—Charge Not Demanded.**

Where it was shown that an officer chased appellant and his wife in an automobile, heard him tell her "to break it, to break it" and saw a sack thrown from the auto which contained a broken gallon jug, which contained whisky, a charge on circumstantial evidence was properly refused.

**8.—Same—Argument of Counsel—Qualification of Court—No Error Shown.**

Where complaint of the argument of counsel is presented in a bill of exception, and the qualification to such bill by the court removes all question as to said argument being improper, having accepted the bill as qualified, appellant is bound by it, and no error is presented.

ON REHEARING.

**9.—Same—Practice in Trial Court—Statute Construed.**

The act of the Legislature creating the 92nd District Court for Young County provides "The jurisdiction of said New District Court of Young County shall extend to and include all civil and all criminal cases . . . . It also provides for the transfer of cases from the 30th to the 92nd District Court, by written order. Complaint that no order was made transferring a cause must be presented in limine, in the Court where cause is tried, and will not be considered for the first time on appeal. This court presumes that all orders of this character were made and properly entered, unless the contrary is shown.

Appeal from the District Court of Young County. Tried below before the Hon. H. R. Wilson, Judge.

Appeal from a conviction for transporting intoxicating liquor; penalty, three years in the State penitentiary.

The opinion states the case.

*Burkett, Orr & McCarty,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was indicted in the 92nd district court of Young County, and tried and convicted in the 30th district court of said county, for unlawfully transporting intoxicating liquor and his punishment assessed at three years confinement in the penitentiary.

In bill of exceptions No. 1, complaint is made to the action of the court in overruling appellant's motion to quash the indictment herein, because it is contended that the act of the 38th Legislature creating the 92d District Court for a term of only two years was in violation of the state constitution, which provides that the district Judge shall hold his office for four years and because said act of the Legislature did not provide that said court had the authority to impanel a grand jury and for that reason that said indictment was defective and said motion should be sustained, and other points raising the same question practically as above, as to the jurisdiction of said court. We are

unable to agree with appellant's counsel in this particular and are of the opinion that none of said reasons urged are tenable. In the case of Ry. Company v. Hall, 98 Texas 480; 85 S. W. 786, the supreme court through Justice Williams in discussing the powers of the Legislature to create district courts in the writer's judgment decides all the contentions made by the appellant herein. In that case in discussing the proposition, the court cites Lytle v. Halff, 75 Tex. 128; 12 S. W. 610, upon a contention made that by reason of the Legislature's creating a district court and providing for only one term of said court in one county, same was void; the court states:

"It was also strongly intimated in that case that a provision prohibiting a district court from impaneling grand juries was unconstitutional, as denying to that court a portion of the jurisdiction given to it by the Constitution over criminal causes, inasmuch as such jurisdiction over felonies could not be constitutionally exercised without the aid of grand juries. To this proposition we fully assent. It was, however, further held in the case cited that this feature of the statute there in question did not affect the legality of the court established, but that, if it were in conflict with the Constitution, it would have to give way, and leave the court in the full possession of its constitutional functions. The same reasoning disposes of most of the provisions of this statute which are attacked as unconstitutional. If the Legislature did enough to bring into active existence a district court, it was at once clothed with the powers conferred by the constitution upon such courts, and any attempts in the act to unduly limit those powers must be treated as futile."

This decision further holds that although the Legislature in the case under discussion attempted to take away from that court the right to impanel grand juries, that that portion of the statute was unconstitutional and when the court was constituted by the Legislature, and put into existence, the constitution gave it full power to impanel grand juries as an essential instrument to the exercise of its jurisdiction. The case supra, is much stronger on the point urged than the instant case in that in the instant case the appellant urges that because the Legislature did not specifically state in the act creating this court that it had authority to impanel grand juries, that such acts on its part rendered indictments from grand juries in said court void; while in the case supra, the Legislature specifically attempted to withdraw from said court created, the right to impanel grand juries, and the Supreme Court held that that portion of said act was unconstitutional, and the court so created had the power to impanel grand juries regardless of the act of the Legislature in that particular. The case, supra, also lays down the proposition that when the constitution does not prohibit the Legislature from doing certain things relative to creating district courts, that the Legislature had the right to do any act which was not prohibited by the constitution. Walker v. State,

267 S. W., 988, this court through Judge Hawkins, in discussing the jurisdiction of the 92nd District Court and the acts of the Legislature creating same ruled against the contention urged by appellant herein. We think all of the authorities cited, hold clearly against the contentions made by the appellant in this case, upon all the points urged against the court in failing to quash the indictment in question. Carter v. Ry. Co., 106 Tex. 137, 157 S. W. 1169 announces same proposition of law.

It is also urged by the appellant for the first time in this court that this case should be reversed because there was no order upon the minutes of the 92nd District Court transferring this case to the 30th District Court, while the acts of the Legislature in creating said court provided that cases could be transferred from one of said courts to the other, by written orders to be entered upon the docket and in the minutes of said court, making such transfer. It is admitted by the appellant's counsel that this case was tried in the lower court and defendant there convicted, motion for new trial made and appeal taken to this court, and for the first time, this point was urged in this court. We think in the absence of any showing to the contrary, we would have to presume the case was properly transferred to the trial court. McCauly v. State, 97 Tex. Crim. Rep. 1. Richards v. State, 97 Tex. Crim. Rep, 448. In the Richards case, supra, Judge Lattimore says: ''There is nothing in the record showing how the case came to be transferred. The burden would be upon appellant who asserts the illegality of the transfer to show it.'' These authorities, we think, hold against appellant's contention.

There is also complaint made to the action of the court in refusing the defendant's motion for continuance. The record fails to disclose any bill of exception to the action of the court in this particular and for that reason we are not authorized to consider same. Branch's Ann. P. C. Sec. 304, citing Womack v. State, 170 S. W. 140, and many other authorities.

There is complaint urged in bill of exception No. 2, to the action of the court in refusing to quash the jury panel, it being alleged in the motion to quash that the jury commissioners failed to comply with the law and requirements of the law relative to selecting said jurors and ''handpicked same.'' Said bill fails to disclose any evidence whatever in support of said allegations made in said motion, which leaves this court without any way of determining whether the manner of selecting the jurors was regular or irregular, and if any evidence was adduced in the lower court, the record fails to disclose it. Without evidence there would be nothing for the court to pass upon and in the absence of a bill showing manifestly the error complained of in this court, we are unauthorized to consider same. This court has repeatedly held that it would not consider bills of exception unless the bills within themselves showed the error complained of. Cavanar v. State,

269 S. W., 1063.  Black v. State, 151 S. W., 1053.  Branch's Ann. P. C. Sec. 206.

The appellant complains of the action of the court in permitting the State to introduce a witness and permitted said witness to testify after the evidence was closed.  This bill fails to show what the witness testified to and what has been said relative to bill No. 3, will apply to this bill.  Besides this court has repeatedly held that it is left to the discretion of the trial court relative to such matters and, of course, unless the bill stated what the testimony was, this court would have no way of determining whether the trial judge abused his discretion or not, and will have to presume that such discretion was not abused, in the absence of any showing in the bill to the contrary.

In bill of exceptions No. 5, complaint is made to the action of the court in permitting the jury to smell of the bottle which the state contended contained whiskey the defendant was transporting, because said bottle and liquid were not properly identified and because same had not been in the custody of the witness Howard, and was making witnesses out of the jury.  The witness testified it was the same liquid and that same was whiskey and that he turned same over to the sheriff, Cooper, and the sheriff testified that it was whiskey and that same had not been out of his possession.  There was no evidence to the contrary.  We are of the opinion that it was error for the jury to smell the whiskey in question, but in this case, it was harmless.  Lerma v. State, 194 S. W. 167, 81 Tex. Crim. Rep. 109.

Complaint is also urged to the action of the court in refusing to charge the jury on circumstantial evidence.  The state's witness Howard testified to chasing the defendant in an automobile and hearing him tell his wife while the chase was on "to break it, to break it" and to seeing his wife with a hammer striking something in the rear seat of the car and then throwing the sack with a broken gallon jug or bottle on the outside of the car which he immediately took in his possession and arrested the defendant and his wife and took them and said sack and bottle and delivered them to the sheriff.  The defendant produced no testimony upon the trial in refutation of any of the matters in controversy and under this state of facts, we are of the opinion that the court committed no error in refusing to charge on circumstantial evidence.

Complaint is made to the action of the attorneys representing the state in his argument to the jury.  If the remarks of the state's attorneys had been reversible error as set out in the bills, we think the qualifications made by the court, which became a part and parcel of the bill upon acceptance by the attorneys for the appellant, removed any question as to said remarks being reversible error, and for that reason we overrule the contentions therein made.

We have carefully examined the record and the propositions urged by appellant's counsel in this case, and we fail to find any reversible error in the trial of this cause, and this case is accordingly affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Upon the motion for rehearing the silence of the record with reference to the manner of the transfer of this cause from the District Court of the 30th District to that of the 92nd District is renewed. In the bill creating the 92nd District Court, it is said:

"The jurisdiction of said new district court of Young County shall extend to and include all civil and all criminal cases, . . ."

In Section 8 of the Act it is said that the District Judge, either in term time or in vacation, is given the authority to transfer cases from the docket of the 30th District Court to that of the 92nd District Court by a written order entered upon the docket and in the minutes of said court; "and the clerk of said district court to which such cause or action shall have been so transferred shall duly enter such cause or action upon the proper docket of that court." Had the attention of the trial court been directed to the absence of the order of transfer to the 92nd district Court before the trial, doubtless if the order had not been previously made, the court would not have permitted the trial to proceed until an order was received and entered. The case having proceeded to trial and a verdict rendered without objection to the condition of the record as related to the transfer, this court, in the absence of an affirmative showing to the contrary by the record, will assume that the order of transfer was made. We are not impressed with the view that the matter is analogous to the rule which makes imperative an order of the transfer of the indictment to the county court before that court will acquire jurisdiction. See Walker v. State, 98 Tex. Crim. Rep. 663, and cases there cited. No grand jury is organized for the county court. All indictments are filed in the district court. Before the county court acquires jurisdiction to try a case presented by an indictment, it is essential that by an order of the district court the indictment be transferred to the county court. There is no absence of jurisdiction in the 92nd District Court to try any case of felony arising in Young County. The statute confers upon it that authority. There being another district court in that county with like jurisdiction, the transfer from one to the other we think cannot justly be said to be necessary to confer jurisdiction. It is a matter of procedure which is to be followed and which, upon proper

and timely demand, the court would not be warranted in ignoring. As the matter is presented by the present record, we are of the opinion that the motion for rehearing should be overruled, which is accordingly done.

*Overruled.*