Roy Davis PARKS, Appellant,

v.

The STATE of Texas, Appellee.

No. 44311.

Court of Criminal Appeals of Texas.

Nov. 23, 1971.

John G. Gilleland, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and I. D. McMaster, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction of murder without malice, with the punishment assessed by the jury at five years.

■ Appellant's first ground of error contends that the evidence was insufficient to support the verdict. Viewed most favorably to the State, the evidence established that appellant and the deceased were engaged in a dice game in Houston, and that a dispute arose between them. Appellant pulled his knife out and stabbed the deceased.

Tommy Ross testified he was present at the time of the stabbing, that he saw nothing in the hands of the deceased and he had not made any unusual moves. After the stabbing, the appellant closed his knife, went out of the house, got into his car and left.

The testimony of the chief medical examiner for Harris County was stipulated and showed that the deceased came to his death as a result of a stab wound to the chest.

Appellant testified in his own behalf, and admitted that the knife introduced into evidence was his knife and was the knife with which he stabbed the deceased. He further claimed they argued over a dollar which the deceased owed him and that in the heat of the argument he saw the deceased put his hand in his pocket, and he stabbed deceased to protect himself.

Other witnesses testified as to the deceased being dead immediately after being stabbed, and that the appellant was the one who had stabbed him.

The court charged the jury on murder with malice, murder without malice, aggravated assault, and self-defense.

The evidence cited above is sufficient to support the verdict of the jury. Hill v. State, Tex.Cr.App., 456 S.W.2d 699. Appellant's first ground of error is overruled.

■ Appellant's second ground of error complains of the method in which the jury was selected herein. The record contains nothing in regard to the method of selection of the jury. It is well established that matters outside the record cannot be considered on appeal. Bray v. State, 101 Tex.Cr.R. 346, 276 S.W. 244; Carroll v. State, 104 Tex.Cr.R. 11, 282 S.W. 233.

■ Appellant's third ground of error contends he was denied a fair trial by having admitted into evidence against him, "items of evidence clearly inadmissible under law." This is inadequate as an assignment of error under the provisions of Article 40.09, Sec. 9, Vernon's Ann.C.C.P., and will not be considered by the Court.

The judgment is affirmed.