William Earl CLARK et ux., Appellants,

v.

**TARRANT COUNTY CHILD WELFARE UNIT, Appellee.**

No. 17497.

Court of Civil Appeals of Texas,
Fort Worth.

April 19, 1974.

Law Offices of Jack W. Beech, and Max Blankenship, Fort Worth, for appellants.

Tim Curry, Crim. Dist. Atty., Tarrant County, and Bob Marshall, Asst. Dist. Atty., Fort Worth, for appellee.

OPINION

BREWSTER, Justice.

The appellants, William Earl Clark and wife, Barbara Ann Clark, filed an application for a writ of habeas corpus in Domestic Relations Court No. 4 of Tarrant County, Texas, against the Tarrant County Unit

Director of the Texas State Department of Public Welfare and others seeking to recover the custody of several children. Barbara Ann Clark was the mother of all the children and William Earl Clark was the father of some of them. The judge of that court denied the relief prayed for and appellants here appeal from that decree.

Appellants, in this habeas corpus action filed in Domestic Relations Court No. 4 of Tarrant County, sought to collaterally attack and to have declared void a prior judgment signed and rendered on March 9, 1972, by the Judge of Domestic Relations Court No. 2 of Tarrant County in a case pending in that court. The judgment attacked had decreed the children involved to be dependent and neglected children, had terminated the parental rights of these appellants, and had awarded custody of the children to the Unit Director of the State Department of Public Welfare. At all times referred to herein the Domestic Relations Court No. 2 of Tarrant County had been properly designated in the manner prescribed by law as the Juvenile Court of that county and was acting as such. All parties admit the above facts so we accept them as true. See Rule 419, Texas Rules of Civil Procedure.

Appellants admit in their brief that in the dependency action they were duly served with citation, that a trial was had, that judgment was rendered therein and entered in the minutes decreeing the children to be dependent and neglected, that appellants here did not appeal from that judgment, and that it became a final judgment.

Appellants contend that the dependency decree was invalid and that the trial court in this case for that reason erred in denying their petition seeking to recover custody of their children.

■ Their contention in the trial court was and here is that the dependency decree rendered by the Domestic Relations Court No. 2 of Tarrant County was void because: (1) Article 5, Section 8, of the Texas Constitution, Vernon's Ann.St. vested exclusive jurisdiction of dependent and neglected children cases in district courts and Article 2338–15a giving the Domestic Relations Court No. 2 of Tarrant County jurisdiction to try such cases was therefore unconstitutional; and (2) because Article 2338–1, Section 24–A, also provided that the district court *only* shall have original jurisdiction of dependent and neglected child cases and since this was true the judgment of Domestic Relations Court No. 2 decreeing the children to be dependent and neglected was illegal and void.

We overrule both of these contentions and affirm the trial court's judgment.

Article 2338–15a, Section 3, provides that the Domestic Relations Court No. 2 of Tarrant County shall have jurisdiction concurrent with the district and other domestic relations courts to try dependent and neglected child cases.

1. Is that provision in the statute that creates and provides the jurisdiction of that court unconstitutional? We hold that it is not.

Article 5, Section 8, of the Texas Constitution, does provide: "The District Court shall have . . . original jurisdiction and general control over . . . minors under such regulations as may be prescribed by law."

■ Domestic Relations Courts, such as the ones involved here, are not district courts within the meaning of that constitutional provision. See Jordan v. Crudgington, 149 Tex. 237, 231 S.W.2d 641 (1950).

But Article 5, Section 1, of the Constitution, provides as follows: "The judicial power of this State shall be vested in one Supreme Court, in Courts of Civil Appeals, in a Court of Criminal Appeals, in District Courts, in County Courts, in Commissioners Courts, in Courts of Justices of the Peace, and in such other courts as may be provided by law.

". . .

"The Legislature may establish such other courts as it may deem necessary and prescribe the jurisdiction and organization thereof, and may conform the jurisdiction of the district and other inferior courts thereto."

It is noted that Art. 2338–15a does not take away any of the jurisdiction that is vested in the District Courts. District Courts still have the right or jurisdiction to try dependent and neglected child cases. The statute simply creates a new court and gives it concurrent jurisdiction with the district courts to try that class of cases in order to help relieve the crowded dockets that have resulted from the population growth that has occurred.

We hold that the Constitution contains no provision that prohibited the Legislature from enacting Art. 2338–15a. In fact the last paragraph of Art. 5, Sec. 1, of the Constitution, expressly gives the Legislature the power to enact statutes creating courts that it deems necessary and to prescribe the jurisdiction of such courts and to conform the jurisdiction of the district courts thereto. This was exactly what the Legislature did when it enacted Art. 2338–15a, which statute created Domestic Relations Court No. 2 of Tarrant County and prescribed its jurisdiction.

Similar questions have been before Texas appellate courts before. The following cases support our holding that the provision of Art. 2338–15a that is here under attack is not unconstitutional: State v. McClelland, 148 Tex. 372, 224 S.W.2d 706 (1949); Jordan v. Crudington, supra; and Carter v. Missouri, K. & T. Ry. Co. of Texas, 106 Tex. 137, 157 S.W. 1169 (1913).

The court in this last cited case was speaking of the last paragraph of Art. 5, Sec. 1, of the Texas Constitution, which is above set out, when it said at page 1172 of the opinion, the following: "We are of opinion that the effect of that provision was to confer authority upon the Legislature to create emergency courts and in their organization to provide the means by which the existing evils could be remedied expeditiously. The manifest purpose of the people in adopting that amendment was to enable the Legislature to meet such conditions as are present in this case, and it is the duty of the courts to act in harmony with the spirit of that amendment, and to give to it a liberal construction. It would be difficult to express more definitely the authority conferred in that clause of the Constitution—to 'establish such other courts as it may deem necessary'—which places in the discretion of the Legislature the character and number of courts that may be created as well as the manner in which the officers shall be chosen. The territory over which the jurisdiction of such court may be exercised and the subjects upon which its authority may be exerted are at the discretion of the Legislature."

The next question for our determination in deciding this case is:

2. Is the provision in Art. 2338–15a, Sec. 3, which gives the Domestic Relations Court No. 2 of Tarrant County jurisdiction concurrent with District and other Domestic Relations Courts of dependent and neglected child cases invalid because of being in conflict with the provision contained in Art. 2338–1, Sec. 24–A, providing that the District Court *only* shall have original jurisdiction in all dependent and neglected child cases?

We hold that the questioned provision above referred to of Art. 2338–15a, Sec. 3, is not invalid for the reasons urged by appellants.

The 1973 Acts of the 63rd Legislature of Texas, p. 1485, Ch. 544, enacted Title 3, of the Texas "Family Code" which resulted in the repeal of all of Art. 2338–1. But such statute had not been repealed by the Legislature by the enactment of the "Family Code" at the time the judgment here being attacked was rendered on March 9, 1972. See Chapter 51, Texas Family Code, V.T. C.A.

Article 2338–1, Sec. 24–A, provided: ". . . the District Court *only* shall have original jurisdiction in all proceedings wherein it is sought to have a child adjudged to be a dependent or neglected child, . . . ." (Emphasis ours.)

This section of that statute was enacted by the Legislature in 1943. That statute was in existence at the time the Legislature created Domestic Relations Court No. 2 of Tarrant County in 1965 by the enactment of Art. 2338–15a. This last statute became effective August 30, 1965.

■ The Legislature that enacted Art. 2338–1, Sec. 24–A, could not and did not by enacting such statute create a law that could not be repealed. A later Legislature can repeal any existing statute at will. Jefferson County v. Board of County and Dist. R. Indebt., 143 Tex. 99, 182 S.W.2d 908 (1944) and 53 Tex.Jur.2d 139, Statutes, Sec. 93.

In the period between 1949 and the present date the Texas Legislature has enacted over 30 statutes that created over 30 Courts of Domestic Relations and Juvenile Courts. The statutes creating these courts are set out in Volume 7A of Vernon's Ann.Civ.St. and start with the Potter County Domestic Relations Court that was created by Art. 2338–3, V.A.C.S., in 1949. In each of the statutes referred to the court thereby created is expressly given concurrent jurisdiction with the District Courts to try neglected or dependent child proceedings.

We consider the provisions of each of those statutes giving each of these newly created courts concurrent jurisdiction with the District Courts of neglected or dependent child proceedings to be in direct and irreconcilable conflict with the provision in Sec. 24–A of Art. 2338–1, V.A.C.S., providing that, ". . . the District Court *only* shall have original jurisdiction in all proceedings wherein it is sought to have a child adjudged to be a dependent or ne-

glected child, . . . ." (Emphasis ours.)

Article 2338–15a, V.A.C.S., is the statute that created the court that rendered the decree claimed here to be invalid. The court created thereby was Domestic Relations Court No. 2 of Tarrant County. The statute provided that that court would have jurisdiction concurrent with the District Court and other Domestic Relations Courts sitting in the county to try neglected or dependent child proceedings. This provision was in direct and irreconcilable conflict with Art. 2338–1, Sec. 24–A, giving *only* the District Courts jurisdiction to try such cases.

■ We hold that the Legislature of Texas by enacting Art. 2338–15a, V.A.C.S., by necessary implication repealed the part of Sec. 24–A, Art. 2338–1, V.A.C.S., providing that *only* District Courts would have jurisdiction to try dependent and neglected child cases. This repeal occurred when the Legislature enacted Art. 2338–15a, V.A.C.S., in 1965, creating the Domestic Relations Court No. 2 of Tarrant County and therein provided that it too would have concurrent jurisdiction with the district and other domestic relations courts to try dependent and neglected child cases.

The following is from 53 Tex.Jur.2d 146, Statutes, Sec. 100: "A new enactment, even though it contains no repealing clause, abrogates any former act on the same subject with which it clearly and manifestly conflicts, to the extent of the inconsistency or repugnancy between the two. This constitutes a repeal by implication, or, more properly speaking, by necessary implication.

"Implied repeal is a matter of legislative intent, that is, a statute is repealed by implication when it clearly appears that this was the intention of the legislature. The passage of a statute that is conflicting and inconsistent with, and repugnant to, former acts on the same subject, shows an intent to repeal these acts."

When the legislature passed more than 30 additional statutes giving newly created courts other than district courts the jurisdiction to try such cases it is not difficult to ascertain that the legislature had determined that the time had arrived when it was best that the jurisdiction to try such cases not be limited to just the district courts. The legislature obviously intended by the enactment of these new statutes to repeal Sec. 24–A of Art. 2338–1, V.A.C.S., in so far as it provided that *only* district courts could try such cases.

In addition to what we have said we call attention to the fact that two of the above referred to statutes that created domestic relations courts and gave them the jurisdiction concurrent with the district courts to try dependent and neglected child cases contained provisions that expressly repealed all laws in conflict therewith.

One such statute was Art. 2338–17, V.A.C.S., that created the Domestic Relations Court of Taylor County. This law was enacted by the Legislature in 1963, which was prior to the creation of Domestic Relations Court No. 2 of Tarrant County in 1965. This statute gave that Taylor County Domestic Relations Court jurisdiction, concurrent with the district courts, to try dependent and neglected child cases. It also contained the following provision: "Sec. 20. All laws or parts of laws in conflict herewith are hereby repealed to the extent of the conflict, but otherwise this Act shall be cumulative of existing laws."

The other statute containing such a clause was Art. 2338–19, V.A.C.S., by which statute the legislature created the Domestic Relations Court of Brazoria County, and provided that it too would have jurisdiction concurrent with the District Court to try dependent and neglected child cases. The law was enacted and made effective June 1, 1965, which was also before the creation of Domestic Relations Court No. 2 of Tarrant County. It also had a clause expressly repealing all laws in conflict therewith.

The provision contained in Sec. 24–A, Art. 2338–1, V.A.C.S., providing that *only* district courts could try dependent and neglected child cases was in direct and irreconcilable conflict with the provisions of the two later statutes just referred to above giving these two new courts jurisdiction to try such cases. They gave courts other than district courts the jurisdiction to try such cases.

We hold that the Legislature, by enacting these two last mentioned statutes, expressly repealed the part of Sec. 24–A, Art. 2338–1, V.A.C.S., that provided that only district courts had jurisdiction to try dependent and neglected child cases.

The following is from 53 Tex.Jur.2d 142, Statutes, Sec. 96: "A general repeal declares, in substance, that all acts and parts of acts in conflict with the new enactment are repealed, . . . .

"In the absence of any constitutional prohibition against such a method, a general repealing clause is effective to repeal prior enactments to the extent that they are inconsistent with, or repugnant to, the terms of the later statute."

For the reasons stated we hold that Domestic Relations Court No. 2 of Tarrant County did have jurisdiction to try the dependent and neglected child case involved here and that the judgment it rendered therein was not invalid.

Affirmed.