William P. FLEMING, Jr., Appellant,

v.

Judy C. FLEMING, Appellee.

No. 6049.

Court of Civil Appeals of Texas,
Waco.

Feb. 14, 1980.

Rehearing Denied March 13, 1980.

J. Edward Davey and Robert Eikel, Eikel
& Davey, Houston, for appellant.

Kenneth H. Keeling, Huntsville, for appellee.

## OPINION

JAMES, Justice.

This is a divorce case. Petitioner-Appellee Judy C. Fleming brought this suit for divorce against Respondent-Appellant Dr. William P. Fleming, Jr., in which suit she also sought custody of their ten year old son Jeffrey, division of their properties, and child support. Respondent answered in a manner that did not contest the divorce, but he contested matters concerning the manner of division of the property, visitations of the child, and child support.

The case was tried before the court without a jury, after which the trial court entered its judgment granting the divorce, making Mrs. Fleming the managing conservator of the child with specific visitation rights awarded to Dr. Fleming, ordering Dr. Fleming to make child support payments in the amount of $435.00 per month, making a division of the community property, and awarding Mrs. Fleming judgment against Dr. Fleming for $1750.00 attorney's fees, and taxing the costs.

In his appeal from this judgment, Respondent Dr. Fleming does not contest the divorce nor does he attack the provisions of the judgment regarding child custody and visitations, but asserts the trial court abused its discretion in its division of the property, contends the child support payments are grossly excessive, complains of the admission of evidence concerning a trust set up by his mother, the awarding of attorney's fees to Mrs. Fleming's attorney, and the taxing of 2/3rds of the costs against him. We sever that portion of the trial court's judgment relating to child support payments from the remainder of the cause, sustain Respondent-Appellant's contention that $435.00 per month child support payments are excessive by the amount of $135.00 per month, reverse and remand the child support portion to the trial court for retrial subject to the conditions of remittitur hereinafter set out, and affirm the trial court's judgment in all other respects except for the piano and piano stool as more particularly hereinafter discussed.

Petitioner and Respondent were married on July 16, 1966, and there is one child born to their marriage who was at the time of trial ten years of age. Respondent Dr. Fleming is a tenured professor in the English Department at Sam Houston State University at Huntsville, Texas, and Petitioner-Appellee Mrs. Fleming has a Master's degree and teaches in an elementary school of the Huntsville Independent School District. In addition to his regular teaching duties, Dr. Fleming has for the two years leading up to the divorce earned some additional income by teaching courses at the State Department of Corrections, and at Houston Community College. His gross salary at Sam Houston University for the 1978–1979 academic year was $20,854.00. After deductions for retirement, Social Security, and income tax, Dr. Fleming's take home pay amounted to $15,119.00. In 1978, he earned a gross of $3400.00 from his extra teaching duties, out of which he had to have the usual deductions; however, he has no assurance of such extra income in the future. In short, Dr. Fleming's disposable income (take-home pay) including the extra income after the usual deductions, for the two years leading up to the divorce has been at an annual rate of $17,228.00, or about $1419.00 per month on a twelve-month basis.

Mrs. Fleming earns take-home pay of about $710.53 per month on a twelve-month basis. The trial court ordered Dr. Fleming to pay $435.00 per month child support, and in addition thereto, to maintain medical insurance for the child, and to continue a $10,000.00 life insurance policy with the child as beneficiary until the child reaches 18 years of age.

The trial court divided the property as follows:

(1.) To Appellee Mrs. Fleming was awarded:

(A) The home place, being a house and lot in Huntsville, Texas. The lot valued at $5000 was a gift from Mrs. Fleming's fa-

ther. The house was built by Mrs. Fleming's father (who was a building contractor as well as a college professor) at actual cost of labor and materials. Dr. Fleming's mother furnished the plumbing equipment used in the home. Appellant and Appellee secured a $25,000.00 loan to pay for the labor and materials, and there existed an unpaid balance against said place at the time of divorce in the amount of $23,347.75. There is testimony that the place had a cash market value of $50,000.00 to $60,000.00 at the time of the dovorce. Apparently, the only community earnings Appellant and Appellee put into the home was in paying the original $25,000.00 loan down to $23,-347.75.

(B) 1974 Ford automobile.

(C) Savings account at Huntsville National Bank in the amount of $221.64, from which account Dr. Fleming had withdrawn $3897.23 during the pendency of the suit.

(D) Another savings account in Huntsville National Bank of $7699.66 of which $3500.00 was awarded to Dr. Fleming and the balance thereof was awarded to Mrs. Fleming.

(E) A checking account of $38.72.

(F) Teacher's retirement benefits of present value of $1466.31.

(G) $5000.00 certificate of deposit in Huntsville Savings & Loan Association which was a gift from Mrs. Fleming's father.

(H) All furniture and furnishings located in home place.

(2.) To Dr. Fleming was awarded:

(A) 1974 Mazda automobile.

(B) Checking account of $246.00 in American Bank.

(C) Teacher retirement benefits of total present value at time of trial of $19,090.23.

(D) $3500.00 out of the savings account in Huntsville National Bank, hereinabove referred to.

(E) A desk which had belonged to Dr. Fleming's grandfather.

(F) A few shares of stock in Dr. Fleming's name.

(G) $10,000.00 life insurance policy with cash value of $810.00. Dr. Fleming was ordered to designate the child beneficiary of this policy until the child becomes eighteen years old.

(H) Furniture and furnishings located at Dr. Fleming's apartment, for which he testified he paid some $700.00.

(3.) Dr. Fleming was ordered to pay $1750.00 attorney's fees to Mrs. Fleming and ⅔rds of the court costs, with the remaining ⅓rd to be paid by Appellee Mrs. Fleming.

■ (4.) The trial court awarded the silver service, tea cart, piano, and piano stool to Mrs. Fleming as trustee for the child Jeffrey until he becomes 18 years old. These items had all belonged to Dr. Fleming's family. Mrs. Fleming testified that Dr. Fleming's mother had made a gift to her (Mrs. Fleming) of the silver service and tea cart. The piano and piano stool were definitely the separate property of Dr. Fleming. Appellee Mrs. Fleming in her brief filed a remittitur of this piano and stool. The evidence conclusively establishes that this piano and stool are the separate property of Dr. Fleming; therefore, we hold the trial court abused its discretion in awarding those items to Mrs. Fleming as trustee for the child.

■ Appellant Dr. Fleming asserts the trial court abused its discretion in making the division of the property that it did. We do not agree. It is well established that Texas divorce courts are given wide discretion in making division of the property of the parties, and that such division does not have to be equal. That discretion will not be disturbed on appeal unless the court has clearly abused its discretion. Section 3.63, Family Code, Vernon's Texas Civil Statutes; *Hedtke v. Hedtke* (1923) 112 Tex. 404, 248 S.W. 21; *Bell v. Bell* (Tex.1974) 513 S.W.2d 20. We cannot say the trial court abused its discretion in making its division of the property, and hereby affirm that portion of the judgment with the exception of the piano and piano stool, which we hold to be Dr. Fleming's separate property.

Appellant contends that the child support order wherein he (Dr. Fleming) was ordered to pay child support in the amount of $435.00 per month for the support of his ten year old son, was grossly excessive and that the trial court abused its discretion in this regard. We sustain this contention.

■ The best interest of the child shall always be the primary consideration of the court in determining questions of managing conservatorship, possession, support of, and access to the child; and in determining the best interest of the child, the court shall consider the circumstances of the parents. Section 14.07, Family Code, Vernon's Texas Civil Statutes. Taking into account this record as a whole, we are of the opinion and hold that this monthly child support payment is excessive in the amount of $135.00 per month, and that any child support payment ordered for Appellant Dr. Fleming to pay in excess of $300.00 per month is excessive.

We therefore sever that portion of the trial court's judgment relating to child support from the remainder of said judgment, and reverse and remand said portion (dealing with child support) to the trial court for retrial of this aspect of the case only. However, if Appellee Mrs. Fleming files a remittitur within ten (10) days from the date of this judgment wherein she agrees that said child support order shall be reduced from $435.00 per month to $300.00 per month, then and in such event we will reform and affirm the trial court's judgment in accordance therewith; if not filed as indicated, then we do hereby reverse and remand this portion of the judgment for retrial. Rule 440, Texas Rules of Civil Procedure.

We affirm all of the remainder of the trial court's judgment with the exception of the piano and piano stool, which last-named items we hold to be Appellant Dr. Fleming's separate property. We reverse and render that portion of the judgment wherein the piano and stool were awarded to Mrs. Fleming as trustee, and award same to Appellant Dr. Fleming.

Appellant's Second Supplemental Brief asserts that the trial court had no jurisdiction to dispose of the title to the home place (realty) belonging to the parties. We overrule this contention. The trial court is the "county Court at Law of Walker County," created by Article 1970–367, Vernon's Texas Civil Statutes, effective September 1, 1977. Section 3(b) of said Act conferred upon said court jurisdiction to hear divorce cases including the adjustment of property rights. The jurisdiction conferred by said statute is concurrent with that of the district court, and the jurisdiction of the district court was not diminished in any regard.

Article 5, Section 1, of the Texas Constitution as amended effective January 1, 1978, provides:

"Section 1. The judicial power of this State shall be vested in one Supreme Court, in one Court of Criminal Appeals, in Courts of Civil Appeals, in District Courts, in County Courts, in Commissioner's Courts, in Courts of Justices of the Peace, and in such other courts as may be provided by law.

"The Legislature may establish such other courts as it may deem necessary and prescribe the jurisdiction and organization thereof, and may conform the jurisdiction of the district and other inferior courts thereto."

■ All of the above quoted language was contained in this Article 5, Section 1, prior to its 1978 Amendment. After careful examination of the authorities we hold that the trial court had jurisdiction over the subject matter of this litigation. *Jordan v. Crudgington* (Tex.1950) 149 Tex. 237, 231 S.W.2d 641; also see *In re Cockrell* (Amarillo Tex.Civ.App. 1973) 493 S.W.2d 620, NRE; *Clark v. Tarrant County Child Welfare Unit* (Ft. Worth Tex.Civ.App.1974) 509 S.W.2d 378, no writ. These cases hold that the Legislature has the power to create statutory courts which have concurrent jurisdiction with constitutional district and county courts; however, the Legislature cannot restrict the jurisdiction of district and county courts by statute, because such statute would be unconstitutional in that it would

conflict with constitutional grants of jurisdiction to such courts.

Appellant argues that the trial court's judgment had the effect of divesting Appellant of title to realty, by divesting Appellant of his joint ownership in the home place, which act the trial court had no jurisdiction to perform. We do not agree.

This home place was community property of Appellant and Appellee. The trial court divested Appellant of any title to same and vested all title therein to Appellee.

The effect of the trial court's judgment in this regard was a partition of the community property. A partition of property between joint owners is not a divesting of title of either owner. Even though the partition of property vests each of the parties thereto with a separate ownership of the tract of land allotted to him, the transaction is deemed not to operate as a conveyance or transfer of title. *Hailey v. Hailey* (1960) 160 Tex. 372, 331 S.W.2d 299, and the cases cited therein on p. 303.

For the reasons hereinabove stated, we hereby make the following disposition herein:

(1.) That portion of the judgment wherein the piano and piano stool were awarded to Appellee Mrs. Fleming as trustee for the child is hereby severed from the main cause and reversed and rendered, to the end that said piano and stool are hereby adjudicated to be the separate property of Appellant Dr. Fleming.

(2.) That portion of the judgment wherein Appellant was ordered to pay as child support $435.00 per month is hereby severed from the main cause, and such severed portion is hereby reversed and remanded to the trial court for retrial of such portion only. If Appellee files a remittitur herein of $135.00 per month in accordance with our suggestion hereinabove, then and in such event we will reform such child support order to $300.00 per month, and as reformed, we will affirm such portion of the judgment.

(3.) In all other respects except (1.) and (2.) above, we affirm the judgment of the trial court.

(4.) Costs of this appeal are hereby taxed one-half each to Appellant and Appellee.

REVERSED AND RENDERED IN PART; REVERSED AND REMANDED IN PART; AFFIRMED IN PART.

### OPINION AFTER REMITTITUR

It appearing to the Court that Appellee has filed a remittitur in the amount of and at the rate of $135.00 per month for child support payments as suggested by our original opinion dated February 14, 1980:

We therefore reform the trial court's judgment so as to order Appellant to pay child support at the rate of $300.00 per month in lieu of the $435.00 per month originally ordered by the trial court's judgment, and as reformed, we affirm this portion of the trial court's judgment.

Disposition of all other aspects of this case remain the same as in our original opinion herein.

REVERSED AND RENDERED IN PART, AND REFORMED AND AFFIRMED IN PART.