**Rome RUTLEDGE, Appellant,**

v.

**Ruth RUTLEDGE, Appellee.**

**No. 2–85–178–CV.**

Court of Appeals of Texas, Fort Worth.

June 26, 1986.

Rehearing Denied June 26, 1986.

Crampton, Crampton & Estrada and Holly Crampton, Wichita Falls, for appellant.

Fillmore, Purtle, Spurgers & Briley and Stephen Briley, Wichita Falls, for appellee.

Before BURDOCK, HILL and HUGHES (Retired) (Sitting by designation), JJ.

## OPINION ON MOTION FOR REHEARING

HILL, Justice.

Upon motion for rehearing, Rome Rutledge, the appellant, for the first time asserts that TEX.REV.CIV.STAT.ANN. art. 1970–166d (Vernon Supp.1986), the statute which confers divorce jurisdiction upon the County Court at Law of Wichita County (now County Court at Law No. 1 of Wichita County) is unconstitutional because it is in conflict with TEX. CONST. art. III, sec. 56 and art. V, sec. 8.

It has been held that under the authority of art. V, sec. 1 of the Texas Constitution, the legislature has the authority to establish nondistrict courts with authority over divorce cases concurrent with that of the district courts. *Jordan v. Crudgington,* 231 S.W.2d 641 (Tex.1950). This rule has been applied to County Courts at Law. *Fleming v. Fleming,* 595 S.W.2d 199 (Tex. Civ.App.—Waco 1980, writ dism'd). Those cases discussed the issue as it might relate to Rome's claim under art. V, sec. 8.

Article III, sec. 56 of the Constitution provides that the legislature may not pass any local or special law granting divorces. The Supreme Court of Texas, in answering certified questions from this Court, held that the purpose of the provision is to ban the right of the legislature to grant a divorce to individuals by a special act. *Wood v. Wood,* 159 Tex. 350, 320 S.W.2d 807 (1959). In the case at bar, the Rutledges were divorced by the County Court at Law of Wichita County, not by the Texas Legislature. We therefore find no violation of art. III, sec. 56 of the Texas Constitution. We overrule points of error one through five of the motion for rehearing.

We also overrule the remaining points of error raised in the motion for rehearing for the reasons stated in our original opinion.

Appellant's motion for rehearing is denied.